2004 UT App 242

**STATE of Utah, Plaintiff and Appellee,**

v.

**Alex MONTIEL, Defendant and Appellant.**

**No. 20030310–CA.**

Court of Appeals of Utah.

July 15, 2004.

Heidi Buchi and Lori Seppi, Salt Lake Legal Defender Ass'n, Salt Lake City, for Appellant.

Mark L. Shurtleff, Atty. Gen., and Karen A. Klucznik, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before Judges GREENWOOD, ORME, and THORNE.

## OPINION

GREENWOOD, Judge:

¶ 1 Defendant Alex Montiel appeals his conviction for aggravated robbery, a first degree felony, in violation of Utah Code Annotated section 76–6–302 (Supp.2001), with an enhanced penalty pursuant to Utah Code Annotated section 76–3–203.1 (Supp.2001). Defendant argues that the trial court abused its discretion when it rejected a plea agreement entered into by Defendant and the State because the court (1) failed to consider all legally relevant factors, (2) exceeded the scope of its authority, and (3) rejected the plea agreement arbitrarily. We affirm.

## BACKGROUND

¶ 2 On May 14, 2002, Defendant was charged with aggravated robbery, a first degree felony, in violation of Utah Code Annotated section 76–6–302 (Supp.2001). The charge included an enhancement, pursuant to Utah Code Annotated section 76–3–203.1 (Supp.2001), because the offense was committed in concert with two or more persons.

¶ 3 During Defendant's pretrial conference, the prosecutor informed the trial court that the State and Defendant had entered into a plea agreement. Under the terms of the agreement, Defendant was willing to plead guilty in return for the State reducing the charge against him to a third degree felony. The prosecutor explained to the trial court that the agreement had been reached because there were "some facts that ... [made] the story not as presentable to the jury and [he] would rather accept the ... lesser plea than run the risk of (inaudible)."

¶ 4 The trial court reacted to the proposed plea agreement by first noting that Defendant had been charged with a first-degree felony, which was enhanced because Defendant "used a firearm"[1] and "committed a

---

1. In fact, use of a firearm is an element of aggravated robbery rather than an enhancement.

crime with four other people." The court then stated, "I don't waive firearms enhancements, folks. You plead them, they're stuck unless I'm convinced that there was some mistake in pleading."

¶ 5 After defense counsel suggested that the trial court should accept the plea in the interests of judicial economy, the court responded as follows:

> I don't care about judicial economy when people are alleged to have used firearms in the commission of a crime. I'll take whatever time to resolve the issue properly.
>
> I'm not going to waive the firearms enhancement. Unless you can tell me you don't have any evidence that [Defendant] didn't [sic] have a firearm or there wasn't a firearm or your witness is lying.

¶ 6 Once again, the prosecutor attempted to explain to the trial court his reasons for entering into the plea agreement. He noted that "sometimes it's better to have the . . . verdict in hand than . . . two in the bush" and "that the jury may just say, oh, to heck with this and . . . lose it." The prosecutor also noted that he thought Defendant was a dangerous person and that his duty to the taxpayers of the state was to ensure that Defendant was locked up. When the trial court questioned the wisdom of only incarcerating Defendant for zero to five years,[2] the prosecutor replied that it was "better than zero to zero."

¶ 7 The trial court then turned its attention to the victim and asked the prosecutor if he had informed the victim of the plea agreement. When the prosecutor said he had not, the court said that the victim was entitled to know. The court then concluded that it was "not going to allow the filing of [the] amended information" and was "not going to accept any plea to a third-degree felony."

¶ 8 Defendant was tried shortly thereafter and found guilty as charged. The trial court sentenced Defendant to a prison term of ten years to life. Defendant timely filed his notice of appeal.

*See* Utah Code Ann. § 76–6–302(1)(a) (Supp. 2001) ("A person commits aggravated robbery if in the course of committing robbery, he: (a) uses or threatens to use a dangerous weapon. . . .").

## ISSUE AND STANDARD OF REVIEW

¶ 9 Defendant argues that the court abused its discretion when it rejected the plea agreement entered into by Defendant and the State. Defendant further argues that even if this court determines that he failed to preserve his claim for appeal, his claim should nonetheless be reviewed for plain error.

 ¶ 10 Ordinarily, a trial court's acceptance or rejection of a guilty plea is reviewed under an abuse of discretion standard. *See State v. Turner*, 980 P.2d 1188, 1189–90 (Utah Ct.App.1998). However, if Defendant did not preserve the issue, we do not review his claim unless he demonstrates plain error. *See State v. Irwin*, 924 P.2d 5, 7 (Utah Ct.App.1996) (noting that appellate court may address an issue for the first time on appeal if trial court committed plain error).

## ANALYSIS

¶ 11 Defendant argues that the trial court erred when it rejected the plea agreement entered into by Defendant and the State because the court (1) failed to consider all legally relevant factors by summarily rejecting the plea agreement based on a fixed policy of refusing to waive firearms enhancements; (2) exceeded the scope of its authority by usurping the State's right to prosecute; and (3) rejected the plea agreement in an arbitrary manner. The State responds by arguing that this court should not consider Defendant's claim because Defendant's repeated failure to object to the trial court's rejection of the plea agreement constituted invited error, and because Defendant failed to address on appeal all of the grounds upon which the trial court based its decision to reject the plea agreement. The State further argues that even if this court addresses Defendant's claim, his claim fails because he cannot demonstrate that the trial court committed plain error when it rejected the plea agreement.

2. The maximum sentence for a third degree felony is a prison term of five years. *See* Utah Code Ann. § 76–3–203(3) (Supp.2001).

¶ 12 Before addressing Defendant's claim, we first consider the State's threshold arguments that Defendant invited the errors of which he now complains and that he failed to address on appeal all the reasons that the court gave for rejecting the plea agreement.

## I. Invited Error

¶ 13 The State argues that plain error review does not apply in this case because defense counsel "made a strategic decision not to revisit the trial court's plea ruling before trial on any of the bases [Defendant] now raises or any other basis," thereby inviting the error of which Defendant now complains. According to the State, defense counsel instead "took her chances and asked for an outright dismissal" upon learning that the State's main witnesses had failed to show up on the first day of trial.

¶ 14 The invited error doctrine provides that "on appeal, a party cannot take advantage of an error committed at trial when that party led the trial court into committing the error." *State v. Dunn*, 850 P.2d 1201, 1220 (Utah 1993) (footnote omitted). Here, the State has not demonstrated that defense counsel's conduct led the trial court into rejecting the plea agreement, particularly where it is clear from the record that Defendant was willing to accept the plea agreement. Moreover, the State has not cited any authority that supports the proposition that failure to object to the rejection of a plea agreement constitutes invited error. Finally, the State's suggestion that defense counsel's motion for dismissal is evidence of invited error also lacks merit. It is well settled that defense counsel is obligated to move for dismissal when the State fails to produce sufficient evidence to prove the elements of the crime charged. *See, e.g., State v. Smith*, 2003 UT App 52, ¶¶ 32–33, 65 P.3d 648. Therefore, we reject the State's argument that Defendant invited the error he now asserts on appeal.

## II. Sufficiency of Defendant's Appeal

¶ 15 The State also claims that the trial court's decision to reject the plea agreement rested on three grounds and only one of these grounds—that the underlying charge involved the use of a firearm—was challenged by Defendant on appeal. According to the State, Defendant failed to address "the trial court's alternative grounds for rejecting the plea agreement—that the minimal sentence was not commensurate to the charged crime or [D]efendant's dangerousness and that the prosecutor had not informed the victim of the plea agreement." Therefore, the State argues that because all of the underlying reasons for the trial court's ruling were not addressed on appeal, this court should refuse to consider Defendant's claim.

¶ 16 Defendant responds by arguing that the trial court's "alternative grounds for rejecting the plea" were actually "factors the trial court refused to consider under its fixed policy." According to Defendant, when the trial court rejected the plea agreement, it failed to consider whether Defendant's sentence was commensurate with the charged crime, and did not take into account the victim's input.

¶ 17 Although not crystal clear, the record in this case is sufficient to support the State's argument that the trial court rejected the plea agreement, not only because the underlying charge involved the use of a firearm, but also because the court was concerned that Defendant would receive too lenient a sentence under the terms of the agreement and because the victim had not been informed of the agreement. When the prosecutor indicated that the trial court should approve the plea agreement because Defendant was a dangerous person and should be locked up, the court responded by asking, "Lock him up for zero to five, what kind of deal is that?"[3] This statement demonstrates that the trial court was concerned that "zero to five" was not an appropriate sentence in light of the nature of the alleged offense. Accordingly, we conclude that one of the

3. As noted earlier, "zero to five" refers to the number of years Defendant would have been incarcerated had the trial court accepted Defendant's plea to a third degree felony. *See* Utah Code Ann. § 76–3–203(3).

factors the trial court considered in rejecting the plea agreement was that Defendant's punishment under the plea agreement was not commensurate to the crime committed.

¶ 18 The record also reveals that the trial court was concerned that the victim had not been informed of the plea agreement. Prior to rejecting the plea agreement, the court specifically asked the prosecutor what the victim thought of the agreement. When the prosecutor replied that he had not talked to the victim about the agreement, the court reminded the prosecutor of a case where the trial judge had run "rampant over [the] victim's rights by not telling them what's going on." The court then made it clear that the victim was entitled to know about the plea agreement. Therefore, based on these statements, we conclude that an additional reason the trial court did not approve the plea agreement was because the victim had not been informed of the agreement.

■ ¶ 19 Having concluded that the trial court had additional grounds for rejecting the plea agreement, we also conclude that consideration of these alternate grounds did not constitute an abuse of the trial court's discretion.[4] Several jurisdictions have held that a concern that a sentence under a plea agreement may be unduly lenient is not an improper basis for a trial court's decision to reject a plea agreement. *See, e.g., United States v. Bean,* 564 F.2d 700, 704 (5th Cir. 1977); *People v. Grove,* 455 Mich. 439, 566 N.W.2d 547, 558 (1997); *State v. Hines,* 919 S.W.2d 573, 578 (Tenn.1995). Moreover, at least one jurisdiction has noted that it was within a trial court's discretion to reject a plea agreement on the basis that the victim

was not told about the agreement. *See State v. Boatfield,* 2001 WL 1635447 at *8, 2001 Tenn.Crim.App. Lexis 955, at *23 (Tenn. Crim.App. Dec. 20, 2001). Accordingly, we hold that the trial court did not abuse its discretion when it rejected the plea agreement based on concerns that Defendant would receive too lenient a sentence and that the victim had not been informed of the agreement.

■ ¶ 20 When challenging a trial court's decision, we have made it clear that an appellant must address all of the circumstances upon which the court's decision was based. *See, e.g., State v. Baker,* 963 P.2d 801, 810 (Utah Ct.App.1998) (refusing to consider propriety of trial court's sentencing decision because defendant challenged only two of four findings upon which the sentencing decision was based). Although *Baker* involved a challenge to a trial court's sentencing decision, the New Mexico Court of Appeals has applied the same rationale to a case involving a defendant's challenge to a rejected plea based on untimeliness. *See State v. Southworth,* 132 N.M. 615, 52 P.3d 987, 997 (Ct. App.2002). In declining to review the defendant's challenge, the *Southworth* court noted that the trial court "rejected the plea for a number of other reasons" and, therefore, it was unnecessary to determine whether the trial court abused its discretion by rejecting the plea "merely because the plea was entered after the expiration of a court-imposed deadline." *Id.*

¶ 21 In this case, the only basis upon which Defendant challenged the trial court's rejection of the plea was that the court had a

---

4. The Utah Rules of Criminal Procedure provide that a "court may refuse to accept a plea of guilty." Utah R.Crim. P. 11(e); *see also State v. Mane,* 783 P.2d 61, 66 (Utah Ct.App.1989) (stating that "[n]othing in the statute requires a court to accept a guilty plea"). Moreover, this court has concluded that a trial court has the discretion to accept or reject a guilty plea. *See State v. Turner,* 980 P.2d 1188, 1190 (Utah Ct.App.1998). Therefore, a trial court's rejection of a plea agreement is properly reviewed under an abuse of discretion standard.

However, we note that with respect to the acceptance or rejection of a plea agreement, our case law and rule 11(e) of the Utah Rules of Criminal Procedure apparently conflict with rule

11(g)(1) of the Utah Rules of Criminal Procedure. Rule 11(g)(1) provides that "[i]f it appears that the prosecuting attorney or any other party has agreed to request or recommend the acceptance of a plea to a lesser included offense, or the dismissal of other charges, the agreement *shall* be approved by the court." Utah R.Crim. P. 11(g)(1) (emphasis added). Therefore, it appears that under rule 11(g)(1), a trial court may not have the discretion to reject a plea agreement when that agreement is based on a prosecutorial decision to reduce the level of the charged offense or dismiss other charges. However, the failure by either party to raise this issue on appeal precludes our consideration of it in this case.

"fixed policy" of not waiving firearm · enhancements. He did not address the trial court's other grounds for rejecting the plea agreement. Because we have determined that these grounds are legitimate reasons for rejecting the plea agreement, we decline to further consider Defendant's challenge to the trial court's rejection of the plea agreement.[5] Specifically, we do not address whether the trial court's stated policy regarding charges involving use of a firearm, alone, would constitute an abuse of discretion in rejecting the plea agreement.

## CONCLUSION

¶ 22 We reject the State's claim that Defendant's failure to object to the trial court's rejection of the plea agreement constituted invited error because it is clear from the record that Defendant was willing to accept the plea agreement. However, we conclude that Defendant addressed on appeal only one of the grounds upon which the trial court rejected the plea agreement and that the trial court's reliance on additional grounds for rejecting that agreement did not constitute an abuse of discretion. Accordingly, we decline to review Defendant's claim that the trial court abused it discretion when it rejected the proposed plea agreement.

¶ 23 Affirmed.

¶ 24 I CONCUR: WILLIAM A. THORNE JR., Judge.

¶ 25 I CONCUR IN THE RESULT: GREGORY K. ORME, Judge.

---

5. Our resolution makes it unnecessary to consider whether the trial court committed plain error in rejecting the plea agreement.