2013 UT App 30

# THE UTAH COURT OF APPEALS

SALT LAKE COUNTY,

*Plaintiff and Appellee,*

*v.*

BUTLER, CROCKETT & WALSH DEVELOPMENT CORPORATION,

*Defendant and Appellant.*

Opinion
No. 20110856-CA
Filed January 31, 2013

Third District, Salt Lake Department
The Honorable Robert P. Faust
No. 070913769

John Walsh, Attorney for Appellant
Donald H. Hansen and David H.T. Wayment,
Attorneys for Appellee

JUDGE J. FREDERIC VOROS JR. authored this Opinion,
in which JUDGES CAROLYN B. MCHUGH
and STEPHEN L. ROTH concurred.

VOROS, Judge:

¶1     This appeal presents a dispute over attorney fees. The appeal arises from appellee Salt Lake County's unsuccessful attempt to condemn a portion of Emigration Canyon real estate owned by appellant Butler, Crockett & Walsh Development Corporation (BCW). Having prevailed at trial, BCW sought an award of attorney fees and costs under the Eminent Domain Act and bad faith fee statute. The trial court rejected BCW's claims

under the two statutory provisions. The court also ruled that, in any event, BCW could not recover attorney fees in view of the fact that its attorney and his wife owned virtually all of the stock of BCW.[1] We affirm.

BACKGROUND

¶2    In 2007, the Salt Lake County Council passed a condemnation resolution as part of the Pinecrest Turnaround Improvement Project, directing the Salt Lake County District Attorney to acquire 787 square feet of land belonging to BCW. Accordingly, the County filed a Complaint for Condemnation.

¶3    The County also filed a motion to disqualify John Walsh as BCW's attorney on the ground that he would be a key witness if the matter went to trial. During the pendency of this motion, attorney Kevin Anderson entered an appearance as counsel for BCW. However, thirteen days later, the County and BCW stipulated that Mr. Walsh could represent BCW until trial.

¶4    The County also filed a Motion for Immediate Occupancy. The court held a four-day evidentiary hearing on the motion. At the conclusion of the hearing, the court found that the County "designed the proposed turnaround without adequately considering the impact on the adjoining land, the water systems currently in place, the burden of additional snow storage on [BCW's] property, and the parking situation and its resulting impact on future development." The court also found that the testimony of one of the County's witnesses suggested the existence of "other designs . . . which would have been potentially less injurious." Finally, the court concluded that the County had acted with "a level of disregard which rises to arbitrariness" and had not "acted reasonably or in good faith." Accordingly, the court denied "the

---

1. John Walsh (counsel for BCW) and his wife own 98% of the stock of BCW.

Order of Immediate Occupancy, as that occupancy is currently framed." However, the court noted that "the County could potentially meet [the] requirements" of the Eminent Domain Act. *See generally* Utah Code Ann. § 78B-6-504 (LexisNexis 2012).[2]

¶5     On July 31, 2008, the County sent a letter to the court seeking guidance as to whether the trial should be canceled in light of the court's ruling. Specifically, the County expressed concern that no triable issues remained, rendering trial moot. The court did not reply directly but, on August 1, 2008, canceled the trial date of August 25, 2008.

¶6     BCW prepared proposed findings of fact and conclusions of law at the request of the court. The court twice rejected BCW's proposed findings and conclusions, and required BCW to remove the attorney fee award it had included in the proposed order.

¶7     On December 10, 2008, the County filed a motion for voluntary dismissal with prejudice (later amended to seek dismissal without prejudice). Within a week, BCW filed a motion seeking undetermined attorney fees and costs under the abandonment statute of the Eminent Domain Act. *See id.* § 78B-6-517.[3] Two

---

2. During the course of this litigation, Utah Code section 78-34-4 was renumbered as section 78B-6-504, section 78-27-56 was renumbered as section 78B-5-825, and section 78-34-16 was renumbered as section 78B-6-517. Because the renumbering did not affect the text of the statutes, we cite to the current versions for the convenience of the reader.

3. The abandonment statute states, in pertinent part, that a "[c]ondemner . . . may, at any time prior to final payment of compensation and damages awarded the defendant . . . abandon the proceedings and cause the action to be dismissed without prejudice, provided, however, that as a condition of dismissal condemner first compensate condemnee for all damages he has

(continued...)

weeks later, the County moved to either (1) withdraw the motion for dismissal without prejudice, or (2) enter the County's proposed order dismissing without prejudice. The County argued that it had not voluntarily chosen to abandon the condemnation but had instead lost at trial. It cited its July 31, 2008 letter inquiring whether the trial was canceled. The County also stated that BCW had ignored the County's offer to stipulate to dismissal with prejudice in light of the court's ruling.

¶8      The court issued a minute entry (1) denying the County's attempt to withdraw its motion to dismiss and (2) granting BCW undetermined attorney fees pursuant to Utah Code section 78B-6-517 on the ground that the County had voluntarily dismissed the underlying action. The court noted that the July 15, 2008 minute entry order had ruled only on the motion for immediate occupancy and that the County could have reframed the condemnation and proceeded.

¶9      The County moved to amend the order on the ground that the court had erred in granting the County's motion to dismiss. The County argued that, under the language of the abandonment statute, a court may not grant a condemnor's voluntary dismissal motion until the condemnor has compensated the condemnee for attorney fees and other damages sustained as a result of the condemnation action. *See id.* § 78B-6-517. According to this seemingly circular reading of the abandonment statute, the trial court could not grant the condemnee attorney fees under the statute until the condemner had already paid the condemnee's fees.

---

3. (...continued)
sustained and also reimburse him in full for all reasonable and necessary expenses actually incurred" as a result of the condemnation action, "including attorney fees." *See* Utah Code Ann. § 78B-6-517 (LexisNexis 2012). We previously commented on the "questionable policy" of this statute. *See Provo City v. Ivie*, 2008 UT App 287, ¶ 7, 191 P.3d 841.

On April 29, 2009, the court agreed, granted the County's motion to amend the order, and vacated the dismissal and award of attorney fees.

¶10    The court also clarified that its earlier ruling had been limited "to the proposed turnaround as it was then presented" and thus did not bar the County's condemnation action altogether. Accordingly, the County moved to amend its complaint, reducing the target parcel from 787 square feet to 111 square feet. After a two-day bench trial, the court issued a memorandum decision denying the condemnation. The court found that the reduced condemnation proposal had met the requirements of Utah Code section 78B-6-504(1), in that the proposed use was "authorized by law" and "the taking [was] necessary for the use," but was not "compatible with the greatest public good and the least private injury," as required by Utah Code section 78B-6-506. Because the decision did not address the issue of attorney fees, BCW raised this issue in subsequent filings, as explained below.

ISSUES AND STANDARDS OF REVIEW

¶11    BCW advances three main contentions on appeal. First, BCW contends that the trial court erred in not awarding it attorney fees and costs under the bad faith fee statute, Utah Code Ann. § 78B-5-825 (LexisNexis 2012). We review a finding of bad faith under the clearly erroneous standard. *Still Standing Stable, LLC v. Allen*, 2005 UT 46, ¶ 8, 122 P.3d 556.

¶12    Second, BCW contends that the trial court erred in not awarding it attorney fees and costs under the United States Constitution and the Utah Constitution. BCW did not preserve this claim in the trial court. "When a party raises an issue on appeal without having properly preserved the issue below, we require that the party articulate an appropriate justification for appellate review; specifically, the party must argue either plain error or

exceptional circumstance[s]." *State v. Winfield*, 2006 UT 4, ¶ 14, 128 P.3d 1171 (citation and internal quotation marks omitted).

¶13    Finally, BCW requests an award of attorney fees on appeal. "[W]hen a party who received attorney fees below prevails on appeal, 'the party is also entitled to fees reasonably incurred on appeal.'" *Valcarce v. Fitzgerald*, 961 P.2d 305, 319 (Utah 1998) (quoting *Utah Dep't of Social Servs. v. Adams*, 806 P.2d 1198, 1197 (Utah Ct. App. 1991)).


ANALYSIS

I. Jurisdiction

¶14    As a threshold matter, the County contends that this court lacks jurisdiction to adjudicate the appeal because BCW's notice of appeal was not timely filed. We conclude that we have jurisdiction.

¶15    "[F]ailure to timely perfect an appeal is a jurisdictional failure requiring dismissal of the appeal." *Prowswood, Inc. v. Mountain Fuel Supply Co.*, 676 P.2d 952, 955 (Utah 1984). A notice of appeal must be "filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from." Utah R. App. P. 4(a). BCW's notice of appeal was filed on September 14, 2011. The question, then, is whether the time for filing had already expired.

¶16    The County asserts that the March 15, 2011 memorandum decision was a final, appealable order. We assume for purposes of this analysis that it was. After entry of that order, BCW filed a motion to alter or amend pursuant to rule 59 of the Utah Rules of Civil Procedure. A rule 59 motion must be served "not later than 10 days after the entry of the judgment." Utah R. Civ. P. 59(b). The County concedes that BCW's rule 59 motion was timely.

¶17    A timely rule 59 motion stops the appeals clock; thereafter, "the time for all parties to appeal from the judgment runs from the

entry of the order disposing of the motion." Utah R. App. P. 4(b)(1)(C). The County asserts that the order disposing of BCW's rule 59 motion was the trial court's "Ruling" dated May 25, 2011. Accordingly, the County argues that the time to appeal ran from May 25, 2011, and BCW's notice of appeal filed September 14, 2011, was well past the thirty-day limit.

¶18    However, the court's May 25, 2011 ruling did not comply with rule 7(f) of the Utah Rules of Civil Procedure. Under rule 7(f), "unless the court specifically directs otherwise, the prevailing party must submit an order to the court before the time for appeal will begin running." *Houghton v. Dep't of Health,* 2008 UT 86, ¶ 11, 206 P.3d 287. Neither party here submitted a proposed order in response to the court's May 25, 2011 ruling, and the ruling itself did not direct otherwise. The ruling thus did not comply with rule 7(f). An order not in compliance with rule 7(f) is not final for the purposes of appeal. *Giusti v. Sterling Wentworth Corp.,* 2009 UT 2, ¶ 32–33, 201 P.3d 966; *Code v. Utah Dep't of Health*, 2007 UT 43, ¶ 9, 162 P.3d 1097. Consequently, contrary to the County's assertion, the May 25, 2011 ruling did not restart the running of the thirty days.

¶19    That ruling did, however, prompt a second motion to alter or amend from BCW. The court disposed of that motion in a memorandum decision dated August 3, 2011. In compliance with rule 7(f), BCW prepared and submitted an Order, Judgment and Decree, which the court entered on August 16, 2011. This final judgment restarted the appeals clock under rule 4(b)(1)(C) of the Utah Rules of Appellate Procedure. BCW's September 14, 2011 notice of appeal was thus filed within thirty days of the final judgment. This court consequently has jurisdiction over the appeal.

II. Claim for Attorney Fees Under the Bad Faith Fee Statute

¶20    The trial court's May 25, 2011 ruling rejected BCW's request for attorney fees on multiple grounds. First, it denied fees under the bad faith fee statute. *See* Utah Code Ann. § 78B-5-825

(LexisNexis 2012). Under that statute, "[i]n civil actions, the court shall award reasonable attorney fees to a prevailing party if the court determines that the action or defense to the action was without merit and not brought or asserted in good faith . . . ." *Id.* The court denied the fee request primarily on the basis that BCW had not proven that the County had acted with "a dishonest motive" or "ill will" either in the four-day immediate occupancy hearing or the two-day trial.

¶21    Significantly, the court also stated alternative grounds for its ruling. "Assuming for the sake of argument that the Court did find [the bad faith] standard had been met," the court stated, it nevertheless would have declined to award fees on two additional grounds. First, BCW's counsel had not submitted "a detailed affidavit to support such an award." And second, BCW's counsel had not shown that BCW "was actually billed for his work." The court required this proof in light of the fact that Mr. Walsh and his wife own virtually all BCW's corporate stock and that Mr. Walsh therefore "acted in his own interest in representing the corporation, much as a pro se litigant would."

¶22    In response, BCW filed a motion to alter or amend asserting four points. First, it reiterated its claim under the abandonment statute. *See* Utah Code Ann. § 78B-6-517 (LexisNexis 2012). Second, it reiterated its claim under the bad faith fee statute. *See id.* § 78B-5-825. Third, it sought fees for the work of attorney Kevin Anderson, whose billings, BCW alleged, amounted to "many thousands and thousands of dollars." Finally, it sought an award of costs.

¶23    The court rejected BCW's request for attorney fees pursuant to the abandonment statute. The court reiterated its ruling that the County had not acted in violation of the bad faith fee statute, citing the controlling standard announced in *Cady v. Johnson*, 671 P.2d 149 (Utah 1993). The court also rejected BCW's claim for Mr. Anderson's fees on three grounds. First, Mr. Anderson's examination of Mr. Walsh lasted "only a few hours." Second, the abandonment statute does not provide for attorney fees where the

condemnation action was not abandoned and dismissed. Third, Mr. Anderson did not submit a fee affidavit. Finally, the court awarded BCW costs in the amount of $1,199.33.

¶24   With this background in mind, we turn to BCW's first claim on appeal. BCW contends that the trial court erred in denying its motion for attorney fees and costs pursuant to the bad faith fee statute. *See* Utah Code Ann. § 78B-5-825(1) (LexisNexis 2012). BCW claims that the County acted in bad faith both "during the litigation" and "outside the litigation."

¶25   The trial court ruled that the evidence did "not support a finding that the [County] acted in bad faith, even using the definition proposed by [BCW] as set forth in *Cady*." Under *Cady*, a finding of bad faith must be based on the absence of one or more of the following three factors: "(1) An honest belief in the propriety of the activities in question; (2) no intent to take unconscionable advantage of others; and (3) no intent to, or knowledge of the fact that the activities in question will[] hinder, delay, or defraud others." *Id.* at 151–52 (alteration in original) (citation and internal quotation marks omitted).

¶26   BCW alleges that the County acted in bad faith. It argues that the County and BCW's principal, Mr. Walsh, share a contentious history; that the County filed this condemnation action with inadequate investigation and scant consideration of the statutory requirements; that a four-day evidentiary hearing on the County's motion for immediate occupancy resulted in a finding that the County had acted arbitrarily and in bad faith; that the County then moved to dismiss the action and withdrew that motion only after BCW sought attorney fees under the abandonment statute; that the County dragged BCW through three more years of litigation; that while the County ultimately sought only one-seventh of the parcel originally requested, it was the critical portion (containing BCW's underground water tanks); and that the County's revised proposal addressed few of the flaws identified by the trial court after the immediate occupancy hearing.

¶27    On the other hand, a "finding of bad faith turns on a factual determination of a party's subjective intent." *Still Standing Stable, LLC v. Allen*, 2005 UT 46, ¶ 9, 122 P.3d 556. It is thus "within the trial court's discretion to determine bad faith under this section." *Canyon Country Store v. Bracey*, 781 P.2d 414, 421 (Utah 1989) (interpreting the predecessor statute to section 78B-5-825). We review such a determination under the clearly erroneous standard. *Still Standing Stable*, 2005 UT 46, ¶ 8. Findings of lack of bad faith are occasionally reversed, *see Wardley Better Homes and Gardens v. Cannon*, 2002 UT 99, 61 P.3d 1009, but not often. Here, the trial court declined to find bad faith after a four-day evidentiary hearing and a two-day trial—and even after originally finding that the County had acted arbitrarily and without good faith in the immediate occupancy hearing.

¶28    Given the posture of this case, we need not resolve the bad faith issue. This court will not reverse a ruling of the trial court that rests on independent alternative grounds where the appellant challenges only one of those grounds. *See Republic Outdoor Adver., LC v. Utah Dep't of Transp.*, 2011 UT App 198, ¶ 32, 258 P.3d 619 (where appellant failed to adequately challenge an independent basis for the grant of summary judgment, court declined to consider a challenge to an alternative basis for the court's ruling); *State v. Montiel*, 2004 UT App 242, ¶ 20, 95 P.3d 1216 (stating that, when challenging a trial court's decision, appellant must address all of the circumstances upon which the court's decision was based); *Duchesne Land, LC v. Division of Consumer Prot.*, 2011 UT App 153, ¶ 8, 257 P.3d 441 (rejecting appellate claim on the ground that it did not address the actual basis for the trial court's ruling); *see also Maher v. City of Chicago*, 547 F.3d 817, 821 (7th Cir. 2008) (stating that appellant waives challenge to trial court's ruling by challenging only one of two independent grounds for the ruling); *Utah ex rel. Div. of Forestry, Fire & State Lands v. United States*, 528 F.3d 712, 724 (10th Cir. 2008) (noting that appellants' failure to challenge district court's independent ground for decision waived

any objection to the federal district court's ruling on the challenged ground).

¶29    As explained above, the trial court rejected BCW's fee request on alternative grounds. It rejected the request based principally on its finding that the County had not acted in bad faith. But it also rejected the request for Mr. Walsh's fees on the ground that Mr. Walsh fell under the pro se litigant rule due to the fact that he and his wife owned virtually all the shares of BCW.[4] And it rejected the request for Mr. Anderson's fees on the grounds that the work was limited and that no fee affidavit was submitted.

¶30    The trial court explained that these grounds were independent, alternative grounds for its ruling; it stated that it would not award attorney fees to BCW even "[a]ssuming for the sake of argument that the Court did find [the bad faith] standard had been met." Because BCW does not challenge these independent grounds for the court's denial of its attorney fee request, we decline to reverse the trial court's refusal to award attorney fees under the bad faith fee statute.

---

4. Whether an attorney is entitled to a fee award for representing a corporation when the attorney and attorney's spouse own virtually all the corporate shares appears to be a question of first impression in Utah. *Cf. Softsolutions, Inc. v. Brigham Young Univ.*, 2000 UT 46, ¶ 45, 1 P.3d 1095 ("[A] successful litigant who is not primarily engaged in providing legal services may recover attorney fees when represented by salaried in-house counsel."); *Jones, Waldo, Holbrook & McDonough v. Dawson*, 923 P.2d 1366, 1375 (Utah 1996) (holding that law firm using its own attorneys in collection action may not recover attorney fees under retainer agreement, because it does not "incur" fees); *Smith v. Batchelor*, 832 P.2d 467, 473–74 (Utah 1992) (holding that pro se litigants may not recover attorney fees, "regardless of their professional status").

### III. Uncompensated Takings Claim Under
### the State and Federal Constitutions

¶31    BCW contends that the actions of the County violated the Takings Clause of the United States Constitution and its more expansive counterpart in the Utah Constitution. *See* U.S. Const. amend. V; Utah Const. art. I, § 22; *Bagford v. Ephraim City*, 904 P.2d 1095, 1097 (Utah 1995) (noting that Article I, section 22 of the Utah Constitution is "broader in its language than the similar provision in the Fifth Amendment of the United States Constitution."). BCW argues that the County tied up its development project for "the four years in history when the real estate market was at an all time high and fell to an all time low." BCW further argues that the County's unsuccessful condemnation litigation itself constitutes a regulatory taking and that just compensation for the alleged taking includes attorney fees. The County does not respond to BCW's constitutional claims. Nevertheless, those claims do not succeed on appeal.

¶32    Like the Utah Supreme Court, "we are resolute in our refusal to take up constitutional issues which have not been properly preserved, framed and briefed . . . ." *Brigham City v. Stuart*, 2005 UT 13, ¶ 14, 122 P.3d 506, *rev'd on other grounds*, 547 U.S. 398 (2006). To be preserved for appeal, an issue "must be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue." *438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801 (brackets, citation, and internal quotation marks omitted). Among other things, this standard requires that the issue be "specifically raised." *See id.* (citation and internal quotation marks omitted). "'Where there is no clear or specific objection and the specific ground for objection is not clear from the context[,] the theory cannot be raised on appeal.'" *State v. Low*, 2008 UT 58, ¶ 17, 192 P.3d 867 (alteration in original) (quoting *State v. Johnson*, 2006 UT App 3, ¶ 13, 129 P.3d 282). Thus, if a party makes an objection at trial based on one ground, this objection does not preserve for appeal any alternative ground for objection. *Id.*

(citing *State v. Schreuder*, 726 P.2d 1215, 1222 (Utah 1986); *State v. Smedley*, 2003 UT App 79, ¶¶ 9–13, 67 P.3d 1005).

¶33    "When a party raises an issue on appeal without having properly preserved the issue below, we require that the party articulate an appropriate justification for appellate review; specifically, the party must argue either plain error or exceptional circumstance[s]." *State v. Winfield*, 2006 UT 4, ¶ 14, 128 P.3d 1171 (citation and internal quotation marks omitted). The Utah Rules of Appellate Procedure thus require an appellant's brief to contain a "citation to the record showing that the issue was preserved in the trial court" or "a statement of grounds for seeking review of an issue not preserved in the trial court." Utah R. App. P. 24(a)(5)(A), (B).

¶34    BCW's brief contains no citation to the record showing that its claims based on the United States and Utah Constitutions were preserved in the trial court, nor does our review of the record indicate that they were. Further, BCW does not invoke either plain error or exceptional circumstances. Accordingly, its constitutional claims are not properly before us.

¶35    *Broderick v. Apartment Management Consultants, LLC*, 2012 UT 17, 279 P.3d 391, does not alter this result. The County's brief does not acknowledge BCW's constitutional claims. Consequently, BCW argues in its reply brief that the appellate court "will treat the matter as though the Appellee concurs in the Appellant's claims." *See generally Broderick*, 2012 UT 17.

¶36    The appellants in *Broderick* met their burden of persuasion on appeal, presenting a "plausible claim" that a contractual provision was unenforceable. *Id.* ¶ 19. Appellees failed to address the appellants' arguments, leaving the claim unrebutted. *Id.* Our supreme court refused to "bear the burden of argument and research" or to "create arguments" on behalf of the appellees. *Id.* Consequently, as a result of the appellees' inadequate briefing, the court rejected appellees' brief and, without reaching the merits of

the broader issues raised by the appellants' claim, reversed, holding that the contract provision challenged by the appellants was unenforceable. *Id.* ¶¶ 20–21.

¶37    *Broderick* does not control the present issue. As explained above, BCW's constitutional claims were not preserved in the trial court and so are not properly before this court. Nothing in *Broderick* suggests that an appellate court will reverse the judgment of a trial court based on an unrebutted but unpreserved claim. Accordingly, we reject BCW's *Broderick* argument on this ground.[5]

---

5. In any event, unlike the *Broderick* appellants, BCW has not met its burden of persuasion on appeal by adequately briefing a plausible claim. An issue is inadequately briefed "when the overall analysis of the issue is so lacking as to shift the burden of research and argument to the reviewing court." *State v. Thomas*, 961 P.2d 299, 305 (Utah 1998). In such a circumstance, the appellate court will not assist the appellant "by formulating arguments on its behalf or translating its problematic arguments into plausible ones." *B.A.M. Development, LLC, v. Salt Lake County*, 2012 UT 26, ¶ 35 n.8, 282 P.3d 41.

BCW contends that the federal and state constitutions entitle it to compensation for the taking of its property. In fact, the County's attempt to take BCW's property failed. Consequently, although BCW describes this case as "a classic taking," it is hardly that. Indeed, it is unclear that any sort of taking occurred. The core of BCW's claim is that a failed condemnation action can constitute a regulatory taking. Its secondary argument is that its attorney fees fall within the measure of damages for such a taking. However, the authority cited by BCW addresses neither point, and BCW offers no argument for its extension. BCW's analysis of the issue is thus "so lacking as to shift the burden of research and argument to the reviewing court." *Thomas*, 961 P.2d at 305. Accordingly, unlike the appellants in *Broderick*, BCW has not met its burden of persuasion on appeal by presenting a plausible claim. *See Broderick*, 2012 UT 17, ¶ 19.

¶38    BCW's constitutional takings claims come to us as an afterthought in this case, and an incomplete one at that. Consequently, despite the County's failure to respond to these claims, we decline to address them further.

## IV. Claim for Attorney Fees on Appeal

¶39    Finally, BCW seeks attorney fees on appeal. "[W]hen a party who received attorney fees below prevails on appeal, 'the party is also entitled to fees reasonably incurred on appeal.'" *Valcarce v. Fitzgerald*, 961 P.2d 305, 319 (Utah 1998) (quoting *Utah Dep't of Social Servs. v. Adams*, 806 P.2d 1193, 1197 (Utah Ct. App. 1991)). As BCW has not prevailed on appeal, we decline to award fees on appeal.[6]

## CONCLUSION

¶40    We conclude that we have jurisdiction to review this appeal because BCW's September 14, 2011 notice of appeal was filed within thirty days of the final judgment, which was entered on August 16, 2011. We decline to disturb the trial court's determination not to award attorney fees, because BCW challenges only one of the trial court's independent grounds for that determination. And we decline to address BCW's unpreserved constitutional claims except to note that the County's failure to

---

6. To the extent that we have not addressed other points or subpoints raised in BCW's briefs, we have determined them either to be disposed of by the foregoing analysis or to lack merit, and we decline to address them further. *See State v. Carter*, 776 P.2d 886, 888 (Utah 1989) ("[T]his court need not analyze and address in writing each and every argument, issue, or claim raised and properly before us on appeal. Rather it is a maxim of appellate review that the nature and extent of an opinion rendered by an appellate court is largely discretionary with that court.").

address those claims did not relieve BCW of its burden of persuasion.

¶41    Affirmed.

————