IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| In the Matter of the General Determination of the Rights to the Use of All the Water, Both Surface and Groundwater, within the Drainage Area of Utah Lake and Jordan River in Utah, Salt Lake, Davis, Summit, Wasatch, Sanpete, and Juab Counties. | ) ) ) ) ) ) ) ) | OPINION<br><br>Case No. 20100921-CA<br><br><br>F I L E D<br>(July 6, 2012) |
| _____ | ) | |
| | ) | 2012 UT App 184 |
| Magna Water Company and South Farm, LLC, | ) ) ) | |
| Appellants, | ) ) | |
| v. | ) ) | |
| Strawberry Water Users Association, Strawberry High Line Canal Company, Central Utah Water Conservancy District, and Utah State Engineer, et al., | ) ) ) ) ) | |
| Appellees. | ) | |

-----

Third District, Salt Lake Department, 360057298
The Honorable Kate A. Toomey

Attorneys:    J. Craig Smith, David B. Hartvigsen, Matthew E. Jensen, and Bryan C. Bryner, Salt Lake City, for Appellants
Edwin C. Barnes, Steven E. Clyde, and Wendy Bowden Crowther, Salt Lake City, for Appellee Central Utah Water Conservancy District

Mark L. Shurtleff, Norman K. Johnson, L. Ward Wagstaff, and Michael M. Quealy, Salt Lake City, for Appellee Utah State Engineer

Shawn E. Draney, Keith A. Call, Scott H. Martin, and D. Jason Hawkins, Salt Lake City, for Appellee Strawberry Water Users Association

John H. Mabey Jr. and David C. Wright, Salt Lake City, for Appellee Strawberry High Line Canal Company

-----

Before Judges Orme, Thorne, and Christiansen.

THORNE, Judge:

¶1      Magna Water Company and South Farm, LLC (collectively, Objectors) appeal from the district court's judgment granting Strawberry Water Users Association and Strawberry High Line Canal Company's (collectively, SWUA) motion for summary judgment. The district court determined that Objectors lacked standing in the matter and dismissed their claims with prejudice. We reverse and remand.


BACKGROUND

¶2      This matter concerns SWUA's rights to the use of the return flow of imported water from the Strawberry Valley Project (SVP). We briefly provide the background information on the SVP that is relevant to understanding and considering the issue on appeal.[1]

¶3      The SVP is a federal reclamation project created in the early 1900s that imports water (SVP water) from the Uintah Basin, in the Colorado River drainage, over the Wasatch Mountains and into the Utah Lake Basin and Jordan River. The SVP water is then administered and used by SWUA pursuant to federal contracts with the United States Bureau of Reclamation. After its use by SWUA, a portion of the imported SVP

--------

[1]An informative history of federal water reclamation projects including the particular history of the Strawberry Valley Project and the origin of the original dispute between SWUA and the United States can be found in *In re Uintah Basin*, 2006 UT 19, ¶¶ 1–6, 8–33, 133 P.3d 410.

water returns to the natural hydrologic system of Utah Lake and the Jordan River as return flow through either seepage into the groundwater aquifers or surface runoff into streams and lakes.

¶4     SWUA and the United States both claim the right to use the return flow water after it commingles with water in the hydrologic system.  Both made efforts to establish their rights to the SVP return flow water.  This case concerns SWUA's petition pursuant to Utah Code section 73-4-24 (Section 24 proceeding) filed in the Third District Court seeking an interlocutory decree in the general adjudication of water rights for the Utah Lake and Jordan River drainage.  The district court ordered the Utah State Engineer to prepare a mailing list of specified categories of water right owners in the Utah Lake-Jordan River drainage and ordered SWUA to notify those owners of the pending Section 24 proceeding and to also publish an appropriate notice.  The court also ordered the State Engineer to prepare a proposed determination and recommendation on the return flow issues.  Thereafter, the State Engineer issued his proposed determination supporting the recapture and reuse of SVP water after the return flow has commingled with water naturally occurring in the Utah Lake-Jordan River drainage.  Objectors filed an objection to the State Engineer's proposed determination and recommendation, arguing that the proposed determination departs from long-established Utah law and will adversely affect Objectors' water rights and interests.

¶5     The parties conducted discovery related to Objectors' standing, after which SWUA filed a motion for summary judgment challenging Objectors' standing to participate in the Section 24 proceeding.  The State Engineer and the Central Utah Water Conservancy District filed separate briefs in support of SWUA's summary judgment motion.  After a hearing on SWUA's summary judgment motion, the district court found that Objectors had no standing in the matter based on the following grounds:

> a.  There are no genuine issues as to material facts and [SWUA is] entitled to this judgment as a matter of law;
>
> b.  Based on the undisputed facts, Objectors' ground water rights with wells located on the west side of Salt Lake County are up-gradient from the Jordan River, are not affected by the surface water levels in Utah Lake or the Jordan River, and have no call on or a hydrologic connection to the surface water of Utah Lake;

c. Based on the undisputed facts, Objectors do not have a legally protectable interest in this controversy;

d. Based on the undisputed facts, Objectors are not appropriate parties in this matter because they are not interested or positioned in this matter in such a way to effectively assist the Court;

e. Based on the undisputed facts, the issues raised in and by the Utah State Engineer's Proposed Determination have been, or are likely to be, raised by other parties with a stake in this matter;

f. As a matter of law, Objectors do not have standing in this matter based on their ownership of shares of stock in Utah Lake/Jordan River water companies; and

g. Objectors have not presented evidence supporting a finding that they would suffer a distinct and palpable, particularized injury due to the Utah State Engineer's Proposed determination. In particular, Objectors did not file affidavits in opposition to [SWUA's] motion or an affidavit under Rule 56(f) of the Utah Rules of Civil Procedure stating reasons that they could not file affidavits supporting their opposition.

Thereafter, the district court dismissed Objectors' claims with prejudice. Objectors now appeal.

ISSUE AND STANDARDS OF REVIEW

¶6 Objectors argue that the district court erred in concluding that Objectors lacked standing in the matter and then granting SWUA's motion for summary judgment dismissing Objectors' claims. "Standing is a question of law that we review for correctness, affording deference for factual determinations that bear upon the question of standing, but minimal deference to the district court's application of the facts to the law." *City of Grantsville v. Redevelopment Agency of Tooele City*, 2010 UT 38, ¶ 9, 233 P.3d

461 (internal quotation marks omitted). "We review a district court's decision to grant summary judgment for correctness, granting no deference to the district court's conclusions, and we view the facts in the light most favorable to the nonmoving party." *Id.* ¶ 8 (internal quotation marks omitted).

ANALYSIS

¶7 Objectors argue that they have established standing to object to the State Engineer's proposed determination under both traditional standing and alternative standing tests. Objectors also argue that they have statutory standing pursuant to Utah Code section 73-4-24. We hold that Objectors lack traditional standing but that they nonetheless have standing in this dispute.[2]

## I. Traditional Standing

¶8 Objectors argue that the district court erred in concluding that they do not have traditional standing because Objectors failed to establish the first prong of the traditional test, that they would suffer a distinct and palpable, particularized injury resulting from the Utah State Engineer's Proposed Determination.[3] Objectors assert they presented evidence that demonstrates the State Engineer's proposed determination will have an adverse affect on their water rights and water shares. Objectors assert, that under the State Engineer's proposed determination, they would be subjected to reduced diversions during a drought year—reasonably probable given Utah's thirty-year

---

[2]Because we determine that Objectors established standing under the alternative test, we need not and do not consider Objectors' statutory standing argument.

[3]Objectors first argue that the district court, in finding that Objectors did not present evidence to support a finding that they would suffer a distinct and palpable, particularized injury because Objectors did not file affidavits in opposition to SWUA's motion for summary judgment, failed to consider Objectors' verified objection and answers to interrogatories, which set forth in detail the adverse effects to Objectors' water rights. Objectors do not direct us anywhere in the record where they preserved this particular issue before the district court. As a result, we do not consider this issue further. *See 438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801 ("Issues that are not raised at trial are usually deemed waived.").

drought pattern—and adoption of the proposed determination will require Objectors to expend significant resources to defend and protect their water rights from inflated and incorrect return flow calculations.

¶9     "Utah's traditional standing test requires a showing of injury, causation, and redressability." *Grantsville*, 2010 UT 38, ¶ 14 (citing *Utah Chapter of the Sierra Club v. Utah Air Quality Bd.*, 2006 UT 74, ¶ 21, 148 P.3d 960). "If the party can satisfy these three criteria, the party has standing to pursue its claim before the courts of this state." *Sierra Club*, 2006 UT 74, ¶ 19. "Under the first prong of the traditional test, the petitioning party must allege that it has suffered or will suffer[ ] some distinct and palpable injury that gives [it] a personal stake in the outcome of the legal dispute." *Grantsville*, 2010 UT 38, ¶ 14 (alterations in original) (internal quotation marks omitted). "[A] plaintiff seeking standing on the basis of a claim of future injury must, at a minimum, set forth allegations establishing that a reasonable probability, as opposed to a mere possibility, of future injury exists." *Brown v. Division of Water Rights*, 2010 UT 14, ¶ 19, 228 P.3d 747.

¶10     Objectors allege that adoption of the State Engineer's proposed determination supporting the recapture and reuse of SVP water after the return flow has commingled with water naturally occurring in the Utah Lake-Jordan River drainage would subject them to reduced diversions during a drought year and require Objectors to expend significant resources to defend and protect their water rights from inflated and incorrect return flow calculations. Here, the district court found that, based on the undisputed facts,

> Objectors' ground water rights with wells located on the west side of Salt Lake County are up-gradient from the Jordan River, are not affected by the surface water levels in Utah Lake or the Jordan River, and have no call on or a hydrologic connection to the surface water of Utah Lake.

SWUA argues that because Objectors' ground water rights—taken from points up-gradient from the Jordan River—are not impacted by the State Engineer's proposed determination, Objectors lack traditional standing because they cannot demonstrate that they have a personal interest in the matter.

¶11     Based on the facts that Objectors' ground water rights are up-gradient from the Jordan River, are not affected by the surface water levels in Utah Lake or the Jordan River, and have no call on or a hydrologic connection to the surface water of Utah Lake,

we agree that Objectors alleged adverse effects are too attentuated to demonstrate that they will suffer a distinct and palpable injury that gives them a *personal* stake in the outcome of the matter. Objectors have not presented evidence to demonstrate how reduced diversions during a drought year or inflated and/or incorrect return flow calculations resulting from the proposed recapture and reuse of SVP water would affect their up-gradient water rights. Without evidence to support a finding that their up-gradient water rights are directly affected by the State Engineer's proposed determination in support of the recapture and reuse of SVP water, Objectors have not adequately shown that they will suffer a distinct and palpable injury from the determination. Because Objectors do not meet the first element of the traditional standing test, a full analysis of traditional standing is unnecessary. *See In re Questar Gas Co.*, 2007 UT 79, ¶ 59, 175 P.3d 545. Thus, we conclude that the district court did not err in finding that Objectors lack traditional standing.

## II. Alternative Standing

¶12 Having concluded that Objectors lack traditional standing, we turn to the question of alternative standing. *See Jenkins v. Swan*, 675 P.2d 1145, 1150–51 (Utah 1983) (recognizing that a failure to satisfy the traditional test is not necessarily fatal to a party's ability to assert an interest before a Utah court); *see also Sierra Club*, 2006 UT 74, ¶ 35. "A party has alternative standing when it is able to show that it is 'an appropriate party raising issues of significant public importance.'" *Cedar Mountain Envtl., Inc. v. Tooele Cnty.*, 2009 UT 48, ¶ 15, 214 P.3d 95 (quoting *Sierra Club*, 2006 UT 74, ¶ 35). To determine whether Objectors have alternative standing, we must first consider whether they are an appropriate party. *See Sierra Club*, 2006 UT 74, ¶ 41 ("If the party is not an appropriate party, the court's inquiry ends and standing is denied.").

## A. Appropriate Party

¶13 Objectors argue that they are appropriate parties in this matter. Objectors assert that, as private and public water suppliers and users in the Utah Lake-Jordan River drainage, they have the interest and expertise to effectively assist the district court in the matter. The appropriate party requirement is met by showing that the party has "the interest necessary to effectively assist the court in developing and reviewing all relevant legal and factual questions and that the issues are unlikely to be raised if the party is denied standing." *Id.* ¶ 36 (internal quotation marks omitted).

¶14    Objectors are private and public water suppliers and users with extensive water rights and water share interests in the Jordan River drainage in western Salt Lake Valley with an interest in preserving the state's water resources and ensuring compliance with state laws and regulations. Objectors, as water suppliers and users, have a working knowledge of the laws and regulations controlling water rights and water distribution systems. Moreover, Objectors have extensive water rights and water shares, which necessarily provides them with the incentive and interest in investigating and reviewing all relevant legal and factual issues regarding the recapture and reuse of SVP water. Accordingly, we determine that Objectors have "the interest necessary to effectively assist the court in developing and reviewing all relevant and legal factual questions." *Utah Chapter of the Sierra Club v. Utah Air Quality Bd.*, 2006 UT 74, ¶ 42, 148 P.3d 960 (internal quotation marks omitted).

¶15    Because we determine that Objectors have the interest necessary to effectively assist the court in developing and reviewing all relevant legal and factual questions, we consider whether the issues are likely to be raised if Objectors are denied standing. Objectors argue that the state water law issues regarding the recapture of SVP return flows will not be raised if they are denied standing. Objectors assert that no other person or entity has timely objected to the State Engineer's recapture and reuse recommendation in the proposed determination. Objectors identify, and the record demonstrates, that only two parties, both of which import water into the basin, have filed objections to the State Engineer's proposed determination. Those objections do not, however, address the recapture of return flow water issue Objectors, as non-importers of water, present.[4] Nor does the record provide any indication that other parties with an interest in this matter will raise that issue. Based on the record before us that no other party has filed an objection to the recommendation, we do not agree with the district court that "the issues raised in and by the Utah State Engineer's Proposed

---

[4]The United States filed an objection on July 7, 2009. The United States objected to paragraph four of the proposed determination, which provides "[t]ributary water that is used in exchange for SVP return flow may be subject to priority calls in the Utah Lake-Jordan River drainage." The United States' asserted objection claimed that the "provision [was] potentially vague and ambiguous and in need of clarification."

SWUA filed an objection on July 13, 2009, objecting to "the Proposed Determination on a qualified basis to the extent that the State Engineer is recommending that the 'Strawberry Valley Project' is an entity that retains the right to use the SVP return flow water."

Determination have been, or are likely to be raised by other parties with a stake in this matter." As a result, we determine that the recapture and reuse of SVP water issues Objectors raise are unlikely to be raised if they are denied standing. We next consider whether said issues are of sufficient public importance to warrant granting Objectors standing in this matter.

B. Issues of Significant Public Importance

¶16    "Once a party has established that it is an appropriate party to the litigation, it must also demonstrate that the issues it seeks to raise are of sufficient public importance in and of themselves to warrant granting the party standing." *Id.* ¶ 39 (internal quotation marks omitted).

> This requires the court to determine not only that the issues are of a sufficient weight but also that they are not more appropriately addressed by another branch of government pursuant to the political process. The more generalized the issues, the more likely they ought to be resolved in the legislative or executive branches.

*Id.* (citation omitted).

¶17    The State Engineer's recapture and reuse recommendation and SWUA's claims to return flow water from the imported SVP water raise issues that appear to venture into uncharted territory in Utah, s*ee In re Uintah Basin*, 2006 UT 19, ¶ 48, 133 P.3d 410; *see also id.* ¶ 58 ("Whether or to what extent imported water is entitled to a different treatment does not appear to have been squarely addressed by this court."), and will ultimately need to be addressed by Utah courts. *See id.* ¶ 50 ("It seems elementary that Utah courts must determine how the[] well-established principles [of recapturing return flow water] should be applied to imported water."). Additionally, the recapture and reuse of the SVP water may affect a large number of water users in Utah, *see id.* ¶ 57 (stating that the resolution of this water right dispute "potentially reverberates all the way from southern Utah Valley north to where the Jordan River enters the Great Salt Lake"). Because the dispute would resolve issues not previously adjudicated in Utah with the potential to impact a large portion of the community, the public has an interest in having this issue fully litigated.

¶18     While Objectors lack traditional standing, we determine that they have alternative standing in this matter because they are appropriate parties and raise an issue of public importance.


CONCLUSION

¶19     Because Objectors' groundwater rights are up-gradient from the Jordan River and not affected by the surface water levels in Utah Lake or the Jordan River, we determine the Objectors' alleged adverse effects are too attenuated to demonstrate that they will suffer a distinct and palpable injury that gives them a personal stake in the outcome of the matter. Thus, we affirm the district court's finding that Objectors lack traditional standing in this matter.

¶20     Although Objectors lack traditional standing, we determine that they have alternative standing. Objectors are private and public water suppliers and users with extensive water rights and water share interests in the Jordan River drainage that have a working knowledge of the laws and regulations controlling water rights and the interest necessary to effectively assist the district court in the matter. Moreover, Objectors raise issues of public importance that are unlikely to be raised if Objectors are denied standing. Because Objectors have alternative standing, we conclude that the district court erred in dismissing Objectors' claims with prejudice and remand the matter for further proceedings.


_____
William A. Thorne Jr., Judge


-----


¶21     WE CONCUR:


_____
Gregory K. Orme, Judge


_____
Michele M. Christiansen, Judge