**2013 UT App 9**

## THE UTAH COURT OF APPEALS

BV LENDING, LLC and BV JORDANELLE, LLC,

*Plaintiffs and Appellants,*

*v.*

JORDANELLE SPECIAL SERVICE DISTRICT, UTAH SPECIAL
IMPROVEMENT DISTRICT NO. 2005-2, and
W. JEFFREY FILLMORE,

*Defendants and Appellees.*

Opinion
No. 20111089-CA
Filed January 10, 2013

Fourth District, Heber Department
The Honorable Derek P. Pullan
No. 100500444

Michael R. Johnson and Matthew M. Cannon,
Attorneys for Appellants
Mark R. Gaylord and Melanie J. Vartabedian,
Attorneys for Appellees

JUDGE JAMES Z. DAVIS authored this Opinion,
in which JUDGES GREGORY K. ORME
and STEPHEN L. ROTH concurred.

DAVIS, Judge:

¶1     BV Lending, LLC and BV Jordanelle, LLC (collectively,
Appellants) challenge the trial court's partial dismissal of their
complaint against Jordanelle Special Service District (JSSD) for lack
of standing. We affirm.

BACKGROUND

¶2    In February 2006, the Wasatch County Council (the Council) created JSSD, a special service district established pursuant to the Utah County Improvement District Act. JSSD's boundaries (the District) encompassed real property (the Property) owned by PWJ Holdings, LLC (PWJ). In March 2008, BV Lending made two loans to PWJ, in return for which PWJ signed two promissory notes, which were secured under the terms of a deed of trust granting BV Lending a first priority lien on the Property. PWJ filed chapter 11 bankruptcy on February 10, 2009.

¶3    On June 23, 2009, the Council recorded a Notice of Proposed Assessment against all property within the District, including the Property. On July 8, 2009, the Council adopted an Assessment Ordinance levying an assessment against property owners within the District that were expected to benefit from certain improvements made by JSSD. Notice of the Assessment Ordinance was provided in accordance with the Utah Assessment Area Act, which does not require that actual notice be given individually to mortgagees. *See* Utah Code Ann. § 11-42-402(2)–(3) (LexisNexis 2012) (requiring that notice be published in a local newspaper of general circulation or, if there is no such paper, posted in at least three local public places; be published on the Utah Public Notice Website; and be mailed to property owners). BV Lending apparently did not receive actual notice of the Assessment Ordinance until after August 14, 2009, which was the last day it could be challenged.[1] BV Lending did not object to the Assessment Ordinance at that time. On September 24, 2009, JSSD recorded a Notice of Assessment Interest against the Property.

_____

1.  However, on or about May 11, 2009, BV Lending apparently received a copy of a disclosure statement, filed by PWJ in connection with its bankruptcy, that disclosed the existence of JSSD's secured claim arising out of the soon-to-be-adopted Assessment Ordinance.

¶4     As a result of PWJ's default on its obligations to BV Lending, BV Lending obtained relief from the automatic stay associated with the bankruptcy and foreclosed on the Property. BV Lending purchased the Property via credit bid on October 29, 2009.[2] That same day, BV Jordanelle filed Articles of Organization and BV Lending transferred title to the Property to BV Jordanelle. BV Jordanelle recorded its interest on November 10, 2009. Appellants explain that BV Jordanelle "is an affiliated special purpose entity that was formed specifically to hold title to the . . . Property."

¶5     Despite receiving various notices regarding the assessment after recording its deed to the Property, BV Jordanelle failed to pay the assessment. On April 16, 2010, JSSD sent BV Jordanelle a notice informing it that the unpaid balance had been accelerated due to nonpayment. When BV Jordanelle still failed to pay any portion of the assessment, JSSD commenced nonjudicial foreclosure proceedings. *See generally id* § 11-42-502(1)(c) ("If an assessment or an installment of an assessment is not paid when due, the local entity may sell the property on which the assessment has been levied for the amount due plus interest, penalties, and costs, in the manner provided . . . in Title 57, Chapter 1, Conveyances, as though the property were the subject of a trust deed in favor of the local entity."); *id.* §§ 57-1-21 to -27 (2010) (outlining the requirements and procedures for nonjudicial foreclosure of a trust deed). Appellants then filed a complaint seeking, inter alia, a declaratory judgment proclaiming that the Utah Assessment Area Act's notice requirements are unconstitutional and that JSSD's assessment methods violated Appellants' constitutional rights (collectively, the Notice Claims). JSSD filed a motion to dismiss, alleging that Appellants lacked standing to bring those claims. The trial court granted the

---

2.  The amount of the credit bid included all that BV Lending was owed under the two PWJ promissory notes.

motion with respect to the Notice Claims,[3] determining that neither BV Lending nor BV Jordanelle had either traditional or alternative standing.[4]

ISSUE AND STANDARD OF REVIEW

¶6     Appellants argue that the trial court erred by determining that they had neither traditional nor alternative standing to assert the Notice Claims. "[A] determination of standing is generally a question of law, which we review for correctness." *Mellor v. Wasatch Crest Mut. Ins. Co.*, 2009 UT 5, ¶ 7, 201 P.3d 1004.

---

3.  The trial court also dismissed BV Lending's other claims on standing grounds and dismissed another of BV Jordanelle's claims on the merits. Appellants do not challenge these dismissals. The court denied JSSD's motion to dismiss with respect to the rest of BV Jordanelle's claims, which remain pending in the trial court.

4.  Appellants also filed a motion to enjoin JSSD's foreclosure in conjunction with their complaint, but the preliminary injunction hearing was canceled after BV Jordanelle filed for bankruptcy on September 2, 2010, which automatically stayed the foreclosure. The bankruptcy court abstained from considering the issues relating to JSSD's motion to dismiss and transferred that portion of the case back to the state trial court, whereupon the trial court dismissed Appellants' Notice Claims on standing grounds, as herein described. The bankruptcy was dismissed by stipulation on November 29, 2011. JSSD commenced a new nonjudicial foreclosure proceeding on December 19, 2011, and ultimately purchased the Property at a trustee's sale on November 13, 2012, via credit bid.

ANALYSIS

I. Traditional Standing

¶7    To establish traditional standing, "the petitioning party must allege that it has suffered or will suffer[] some distinct and palpable injury that gives [it] a personal stake in the outcome of the legal dispute." *Utah Chapter of the Sierra Club v. Utah Air Quality Bd.*, 2006 UT 74, ¶ 19, 148 P.3d 960 (alterations in original) (citation and internal quotation marks omitted). A party who asserts a "distinct and palpable injury" must demonstrate the following:

> First, the party must assert that it has been or will be adversely affected by the [challenged] actions. Second, the party must allege a causal relationship between the injury to the party, the [challenged] actions and the relief requested. Third, the relief requested must be substantially likely to redress the injury claimed.

*Id.* (alterations in original) (citations and internal quotation marks omitted).

A. BV Lending Does Not Have Traditional Standing.

¶8    The trial court stated that the lack of notice impaired BV Lending's ability to contest the assessment and avoid potential adverse effects on its security interest, and that there was a connection between that injury and the relief sought via BV Lending's constitutional claims. However, the court determined that BV Lending "eliminated any stake it may have had in the outcome of these proceedings and the relief sought" when it foreclosed on the property, which extinguished its deed of trust, and then transferred the property to BV Jordanelle.

¶9    Appellants interpret the trial court's holding as recognizing that it met the first two elements of the three-step inquiry and

failed only on the redressability element. They then proceed to argue that "because of the importance to organized society that procedural due process be observed," *see Carey v. Piphus*, 435 U.S. 247, 266 (1978), redressability is not essential to standing where a violation of procedural due process is alleged. *Cf. id.* (determining that a party could seek nominal damages for violation of procedural due process rights without proving an actual injury). However, we disagree with Appellants' assessment of the trial court's ruling. The three-step inquiry pertains only to whether a "distinct and palpable injury" has occurred; even where such an injury is demonstrated, the party asserting it must show that the injury "gives [it] a personal stake in the outcome of the legal dispute," *Sierra Club,* 2006 UT 74, ¶ 19 (alteration in original) (citation and internal quotation marks omitted). It was BV Lending's lack of a personal stake in the outcome, not the redressability of its injury, that the trial court found pivotal to its determination that BV Lending lacked standing. Thus, even assuming that it was unnecessary for BV Lending to demonstrate redressability in the context of its due process claims—an issue on which we express no opinion—its lack of a personal stake in the outcome due to its having extinguished its security interest and transferred the Property to another entity deprives it of standing with respect to the Notice Claims.

**B. Appellants' Argument That BV Jordanelle Has Traditional Standing Is Inadequately Briefed.**

¶10   The trial court determined that BV Jordanelle lacked standing to bring the Notice Claims because it did not exist as a legal entity at the time the assessments were levied and because it took title with at least constructive notice of the assessments due to their being a matter of public record. It also determined that BV Jordanelle could not litigate the rights of BV Lending because it

was not BV Lending's successor in interest to the promissory notes or the deed of trust.[5]

¶11 Appellants maintain that BV Jordanelle "could assert the rights of BV[ Lending] in this matter under the 'third-party standing' doctrine." They then cite several sources explaining the third-party standing doctrine. That is the extent of Appellant's analysis of this issue, and we find it to be inadequate.[6] *See generally* Utah R. App. P. 24(a)(9) (requiring that a party's argument "contain the contentions and reasons of the appellant with respect to the issues presented . . . with citations to the authorities, statutes, and parts of the record relied on"); *State v. Green*, 2004 UT 76, ¶ 13, 99 P.3d 820 ("Implicitly, rule 24(a)(9) requires not just bald citation to authority but development of that authority and reasoned analysis based on that authority." (citation and internal quotation marks omitted)). Accordingly, we do not address this argument further and we affirm the trial court's determination that BV Jordanelle lacked traditional standing. *See generally Broderick v. Apartment Mgmt. Consultants, LLC*, 2012 UT 17, ¶ 11, 279 P.3d 391 ("[W]e have discretion to not address an inadequately briefed argument." (citation and internal quotation marks omitted)).[7]

---

5. This finding requires an assumption that those documents retained any efficacy following the foreclosure sale and transfer to BV Jordanelle.

6. Appellants represented at oral argument that there are no other cases that have employed the third-party standing doctrine under circumstances similar to those in this case.

7. Appellants also appear to assert that BV Lending and BV Jordanelle together might have traditional standing even if neither of them has such standing alone. Appellants cite no authority in support of this assertion, and we are aware of none. While it may be true that the circumstances presented here bring about a situation where "no one in the world can now assert the Notice

(continued...)

## II. Alternative Standing

¶12     Appellants next assert that even if they lack traditional standing, BV Jordanelle meets the requirements for alternative standing under Utah law. A party may "qualify for alternative standing if the party is (1) an appropriate party to bring suit and (2) the issue being presented is one of sufficient public importance to balance the absence of the traditional standing criteria." *City of Grantsville v. Redevelopment Agency of Tooele City*, 2010 UT 38, ¶ 16, 233 P.3d 461 (citation and internal quotation marks omitted).

¶13     The trial court determined that BV Lending is not an appropriate party to bring suit because, due to its no longer being obligated to pay the assessment, it lacks "the interest necessary to effectively assist the court in developing and reviewing all relevant legal and factual questions." *Id.* ¶ 17 (citation and internal quotation marks omitted). And although the court considered BV Jordanelle to be an appropriate party, given that it is the obligor under the Assessment Ordinance,[8] the court determined that the

---

7. (...continued)
Claims, because no one in the world has standing to bring those claims," Appellants fail to explain why that would be an impermissible result. And in any event, there is nothing to prevent individuals affected by the Utah Assessment Area Act in the future to contest its constitutionality at that time.

8. We do not evaluate the determination that BV Jordanelle's status as an obligor makes it an appropriate party because we conclude that the Notice Claims do not present issues of sufficient public importance. *See generally City of Grantsville v. Redevelopment Agency of Tooele City*, 2010 UT 38, ¶ 16, 233 P.3d 461. However, as pointed out by Appellants' counsel at oral argument, the nature of the assessment lien is such that the obligation to pay the assessment follows the Property. Thus, it appears that BV Jordanelle has no
(continued...)

claims at issue did "not present issues of sufficient public importance to grant BV[ Jordanelle] alternative standing."

¶14    Appellants do not challenge the trial court's determination that BV Lending is not an appropriate party and therefore lacks alternative standing, and they reaffirmed this position at oral argument. However, Appellants argue that their claims present issues of sufficient public importance for BV Jordanelle to be granted alternative standing. Their argument relies primarily on the fact that their claims implicate constitutional rights. Because the resolution of those claims could impact the rights of any number of other property owners to receive notice in the future, they maintain that their claims are of sufficient public importance. But "this Court will not readily relieve a plaintiff of the salutory requirement of showing a real and personal interest in the dispute," *Jenkins v. Swan*, 675 P.2d 1145, 1150 (Utah 1983), and our jurisprudence suggests that an issue of public importance is generally one where the outcome of the particular dispute at issue will itself affect the community, not one which involves only a potential impact on certain individual members of the public in the future.

¶15    For example, in *City of Grantsville v. Redevelopment Agency of Tooele City*, 2010 UT 38, 233 P.3d 461, the party seeking alternative standing alleged that Tooele City and its redevelopment agency had breached an agreement relating to the redevelopment of a decommissioned military base by selling the property and using the proceeds for the benefit of Tooele City rather than the members of the broader Tooele County community that were affected by the

---

8. (...continued)
remaining obligation to JSSD now that JSSD has purchased the Property. In light of these facts, BV Jordanelle may no longer be an appropriate party. Further, as we observe, *see supra* note 7; *infra* ¶ 16, the issues Appellants seek to litigate are very likely to be raised in the future by other entities with standing.

base's closing. *Id.* ¶ 6. The supreme court determined that Grantsville City had alternative standing to bring its claims because the entire community had an interest in having the issue litigated due to its having a stake in the sale or development of the military base. *Id.* ¶ 19. Similarly, in *Utah Chapter of the Sierra Club v. Utah Air Quality Board*, 2006 UT 74, 148 P.3d 960, the issue raised by the party seeking alternative standing was whether the Executive Secretary of the Utah Division of Air Quality had complied with state and federal law in approving the construction of a power plant. *Id.* ¶ 3. The supreme court considered this to be an issue of public importance because the alleged violations would directly affect the entire community due to the power plant's proximity to homes and Capitol Reef National Park. *Id.* ¶ 44; *see also Cedar Mountain Envtl., Inc. v. Tooele Cnty.*, 2009 UT 48, ¶ 19, 214 P.3d 95 (determining that a question of whether "land use decisions involving the storage of hazardous waste [were] properly made in accordance with state and local laws" was an issue of public importance because it "pose[d] potential environmental and health-related harms to the citizens of Tooele County"); *Magna Water Co. v. Strawberry Water Users Ass'n*, 2012 UT App 184, ¶ 17, 285 P.3d 1 (determining that "the recapture and reuse of the [Strawberry Valley Project] water may affect a large number of water users in Utah" and that "the public has an interest in having this issue fully litigated" because the specific dispute at issue had "the potential to impact a large portion of the community").

¶16    In fact, we are aware of no Utah cases that address alternative standing in any context other than where the challenged actions directly impact the public. Such situations are distinguishable from the one presented in this case, in which Appellants raise issues that, while important, have only the potential to impact other individuals or entities similarly situated at some future time. In other words, had the Council's failure to provide BV Lending with actual notice of the Assessment Ordinance itself impacted the community at large, then this might be considered an issue of public importance. To the contrary, the only impact the issue raised by the Notice Claims might have on the public is the potential that

other individuals or entities might in the future suffer injury when, like BV Lending, they do not receive actual notice of an assessment that might affect their security interest in specific property. And if that were to happen, such individuals or entities would themselves have standing to challenge the Utah Assessment Area Act in the context of their own injuries. Thus, it is difficult to see how the resolution of this issue at this particular point in time would be a matter of public importance. Accordingly, we agree with the trial court that it would be inappropriate to grant BV Jordanelle alternative standing under the facts of this case.

CONCLUSION

¶17    We agree with the trial court that Appellants have neither traditional nor alternative standing to litigate their Notice Claims. BV Lending lacks traditional standing because, having transferred the Property to BV Jordanelle, it no longer has any stake in the outcome of this dispute. It lacks alternative standing as an appropriate party for the same reason. We do not consider BV Jordanelle's traditional standing argument, based on the third-party standing doctrine, because it is inadequately briefed. We further determine that BV Jordanelle lacks alternative standing because the issues raised in the Notice Claims are not of sufficient *public* importance. Accordingly, we affirm the trial court's partial grant of JSSD's motion to dismiss.

————————————