2015 UT App 117

## THE UTAH COURT OF APPEALS

BV LENDING, LLC, AND BV JORDANELLE, LLC,
Plaintiffs and Appellants,
*v.*
JORDANELLE SPECIAL SERVICE DISTRICT; JORDANELLE SPECIAL
SERVICE DISTRICT, UTAH SPECIAL IMPROVEMENT DISTRICT
NO. 2005-2; AND W. JEFFERY FILLMORE,
Defendants and Appellees.

Opinion
No. 20140149-CA
Filed May 7, 2015

Fourth District Court, Heber Department
The Honorable Derek P. Pullan
No. 100500444

Michael R. Johnson and Matthew M. Cannon,
Attorneys for Appellants

Mark R. Gaylord, Melanie J. Vartabedian, and Zaven
A. Sargsian, Attorneys for Appellees

JUDGE J. FREDERIC VOROS JR. authored this Opinion, in which
JUDGES MICHELE M. CHRISTIANSEN and JOHN A. PEARCE
concurred.

VOROS, Judge:

¶1     The principal question raised by this appeal is whether a former property owner can challenge a special service district assessment after the district has foreclosed on the property for non-payment of the assessment and the former property owner thus no longer owes the assessment. The district court concluded that the challenge was moot. We affirm.

BACKGROUND

¶2    BV Jordanelle (BVJ) owned approximately 584 acres of real property near Jordanelle Reservoir in Wasatch County (the Property). The Property was located within the boundaries of Utah Special Improvement District No. 2005-2 (the District). Jordanelle Special Service District (Jordanelle), a special service district under Utah's Special Service District Act, created and oversees the District.

¶3    When Jordanelle created the District, it did so to "finance the acquisition, construction and installation of costs of certain water and sewer improvements to benefit certain properties within [the District]." The resolution that created the District also provided that "[t]he costs and expenses of the proposed Improvements shall be paid by a special assessment to be levied against the properties to be improved or which may be directly or indirectly benefitted by any of such Improvements." Then Jordanelle adopted Ordinance 09-10, levying a special assessment (the Assessment) against property owners within the District. Under Utah law, the Assessment "constitute[d] a lien against the [P]roperty assessed as of the effective date of the assessment resolution or ordinance." *See* Utah Code Ann. § 11-42-501(1) (LexisNexis Supp. 2007).

¶4    At the time Jordanelle created the District, BVJ did not own the Property. *See BV Lending, LLC v. Jordanelle Special Serv. Dist.*, 2013 UT App 9, ¶ 2, 294 P.3d 656. BV Lending, LLC held a mortgage on the Property. *Id.* Approximately four months after Jordanelle created the District, BV Lending foreclosed on the Property and bought it at the foreclosure sale. *Id.* ¶¶ 3–4. The same day, BVJ filed Articles of Organization, and BV Lending transferred its ownership interest in the Property to BVJ. *Id.* ¶ 4. BVJ recorded its interest in the Property shortly thereafter. *Id.* As record owner of the Property, BVJ was responsible for the Assessment.

¶5    Believing that the Property derived no benefit from the improvements, or at least that the benefit derived did not justify the amount of the Assessment, BVJ did not pay the Assessment. Consequently, in April 2010, Jordanelle began a non-judicial foreclosure. The Notice of Default and Election to Sell stated that "[t]he Assessment amounts were not paid and the total unpaid balance of the principal of the Assessment owing for the Property of $10,133,558.56 has been accelerated and declared to be immediately due." In July 2010, Jordanelle sent BVJ a Notice of Trustee's Sale indicating the Property would "be sold at public auction to the highest bidder" on September 1, 2010.

¶6    BVJ sued Jordanelle. The complaint alleged that Jordanelle violated BVJ's due process rights on the ground that BVJ did not receive notice of the adoption of the Assessment (Notice Claims). In addition, BVJ claimed that Jordanelle unlawfully implemented the Assessment, i.e., the Assessment required payment for either unconstructed improvements or deficiently constructed improvements (Implementation Claims). BVJ also sought a temporary restraining order (TRO) and a preliminary injunction to enjoin the sale of the Property.

¶7    The district court entered a TRO. Shortly thereafter BVJ filed for bankruptcy. Because of the automatic stay, the district court did not rule on BVJ's request for a preliminary injunction. Approximately two months later, the bankruptcy court transferred the matter back to the district court. However, the bankruptcy court also issued a stay barring Jordanelle from "exercising [its] state-law rights and/or remedies concerning [BVJ's] real property."

¶8    The state court litigation proceeded, largely on the Notice Claims. In August 2011, the district court issued an order (the 2011 Order) dismissing the Notice Claims for lack of standing. The district court reasoned that BVJ lacked standing to assert the Notice Claims because it did not own the Property, or even exist as a legal entity, at the time Jordanelle gave notice of the

Assessment. However, the 2011 Order also stated, "As the [current] owner of the [P]roperty and as the party obligated to pay the [A]ssessment, BVJ has standing to raise constitutional and all other claims arising out of implementation of the assessment ordinance . . . ." In other words, the district court determined that BVJ had standing to pursue the Implementation Claims, but not the Notice Claims. BVJ appealed the dismissal of the Notice Claims. This court affirmed the 2011 Order "with respect to the Notice Claims." *BV Lending, LLC*, 2013 UT App 9, ¶¶ 9, 17.

¶9    In November 2011, about one year after the bankruptcy court transferred the case back to state court—and during the pendency of BVJ's appeal of the 2011 Order—the parties stipulated to a dismissal of the bankruptcy petition. The parties also stipulated, "Upon entry of the . . . dismissal [o]rder, [Jordanelle] shall be entitled to exercise its state-law rights and remedies with respect to [the Property]. In so doing, [Jordanelle] shall begin the foreclosure process anew . . . ."

¶10    True to its word, in December 2011, Jordanelle sent BVJ the second Notice of Default and Election to Sell. Jordanelle sent BVJ the second Notice of Trustee's Sale stating that the Property would "be sold at public auction to the highest bidder." BVJ again moved for a TRO and preliminary injunction. The district court issued a second TRO restraining Jordanelle from selling the Property. At the ensuing hearing, the district court orally granted BVJ's motion for preliminary injunction. The district court granted the preliminary injunction in part because Jordanelle had failed to comply with the Assessment's required notice provisions before foreclosing.

¶11    Shortly after the district court granted the preliminary injunction, Jordanelle cured the notice defects of its earlier attempted sale and sent BVJ a third Notice of Default and Election to Sell. BVJ did not seek a third TRO. Jordanelle proceeded with the foreclosure and purchased the Property by

credit bid at the foreclosure sale (Foreclosure Sale). Days later, BVJ filed a lis pendens on the Property. Approximately two weeks after that, Jordanelle received a deed to the Property.

¶12    Meanwhile, BVJ's Implementation Claims remained pending before the district court. Shortly before the Foreclosure Sale, Jordanelle moved for summary judgment on the merits of BVJ's "remaining claims"—that is, those claims that remained after the 2011 Order and related appeal. Jordanelle believed that only BVJ's fifth and sixth claims for relief remained after the 2011 Order. BVJ, on the other hand, believed that its first, third, fifth, and sixth claims for relief remained after the 2011 Order.[1] Shortly after the Foreclosure Sale—but before the district court ruled on Jordanelle's first motion—Jordanelle again moved for summary judgment, this time on the ground that the Foreclosure Sale mooted BVJ's remaining claims.

¶13    In March 2013, the district court ruled on Jordanelle's motions. The district court granted Jordanelle's motion for summary judgment on the merits of BVJ's fifth and sixth claims for relief. Because BVJ argued that more than its fifth and sixth claims for relief remained, the district court also concluded that BVJ's first and third claims for relief "were strictly [N]otice [C]laims" and accordingly the 2011 Order "dismissed [those claims] in their entirety." Accordingly, the district court dismissed all of BVJ's remaining claims for relief. In the alternative, the district court concluded "even if BVJ's first, third, fifth or sixth claim for relief included an implementation component—meaning that the improvements are at this time non-operational and do not benefit BVJ's property—[those] claim[s] [are] moot." BVJ appeals.

---

1. BVJ does not argue that its second or fourth claims for relief survived the 2011 Order.

ISSUES

¶14    BVJ raises three issues on appeal. First, BVJ contends that the district court erred by dismissing BVJ's Implementation Claims as moot. Second, BVJ contends the district court erred in determining that BVJ's first and third causes of action constituted Notice Claims that did not survive the 2011 Order and related appeal. Finally, BVJ contends that the district court erred by granting summary judgment in favor of Jordanelle on all its remaining claims because "there was absolutely no evidentiary basis to do so."

ANALYSIS

¶15    We begin with the question of mootness. Our resolution of that question disposes of BVJ's entire appeal. We review for correctness the district court's order that the Foreclosure Sale mooted BVJ's Implementation Claims. *See Spain v. Stewart*, 639 P.2d 166, 168 (Utah 1981).

¶16    "If the requested judicial relief cannot affect the rights of the litigants, the case is moot . . . ." *Duran v. Morris*, 635 P.2d 43, 45 (Utah 1981); *see also In re C.D.*, 2010 UT 66, ¶ 11, 245 P.3d 724 ("A case is deemed moot when the requested judicial relief cannot affect the rights of the litigants." (citation and internal quotation marks omitted)). In this case, BVJ argues "that either [it] did not owe the [A]ssessment or, at a minimum, that [it] did not owe as much as [Jordanelle] claimed." However, Jordanelle's purchase of the Property eliminated BVJ's obligation to pay the Assessment. Because BVJ no longer owes any part of the Assessment, the district court could not grant BVJ's requested relief and correctly ruled BVJ's Implementation Claims moot.

¶17    BVJ maintains that by dismissing its Implementation Claims, the district court essentially "ruled that once a foreclosure sale occurs the owner of the property has no legal recourse whatsoever, regardless of whether the foreclosure sale

was lawful or not" and regardless of the pendency of "litigation that questions the very authority of the foreclosing party to pursue its alleged rights."

¶18 This argument implies that BVJ has sought legal recourse for an unlawful foreclosure sale. But BVJ acknowledges in its opening brief that "the claims at issue in this case are about whether the assessment ordinance was lawfully implemented, not whether [the] Foreclosure Sale was lawful or proper." This statement is accurate. BVJ filed its amended complaint years before the Foreclosure Sale occurred and did not amend it thereafter to allege that the foreclosure was unlawful. Accordingly, no pleading before the court sought relief for injury suffered as a result of the Foreclosure Sale. Moreover, as noted above, although BVJ had sought to restrain or enjoin Jordanelle's first two foreclosure sales, it sought no such relief with respect to the third. In sum, BVJ did not ask the district court to prevent the Foreclosure Sale before the fact or plead for relief for wrongful foreclosure after the fact. Consequently, we agree that the lawfulness of the Foreclosure Sale is not before us. This controversy concerns only the lawfulness of the Assessment—the Assessment that BVJ did not pay and no longer owes.[2]

¶19 BVJ also argues that because the district court can still award it effective relief, the Foreclosure Sale did not moot its claims. First, BVJ claims that the district court could order the return of the Property if the court finds the Assessment wrongfully required BVJ to pay for non-existent, or deficient, improvements. Second, BVJ claims that the district court could award money damages as an alternative to ordering the return of the Property. Finally, BVJ claims that the district court could award nominal damages because "[a] plaintiff who proves a

---

2. We express no opinion on the legality of the Foreclosure Sale or on whether BVJ had grounds to obtain any form of preliminary relief.

constitutional violation is always entitled to recover nominal damages, even if actual damages do not exist, and even if other forms of relief might be foreclosed."

¶20    But BVJ identifies remedies for an injury not alleged in its operative complaint. The relief BVJ now claims the district court could award arises from the Foreclosure Sale, the lawfulness of which was not argued before the district court or placed before this court on appeal. BVJ admits that "[t]he Complaint does not contain a specific demand for money damages stemming from the [F]oreclosure [S]ale for the simple reason that the [F]oreclosure [S]ale occurred long *after* the Amended Complaint was filed." A court can only grant relief for those issues properly before it. Because BVJ did not plead a claim for wrongful foreclosure, the district court cannot award relief for wrongful foreclosure. Nor does the hypothetical existence of an unasserted claim save the amended complaint from dismissal on mootness grounds.

¶21    Finally, we do not agree that the district court's dismissal of BVJ's Implementation Claims stands for the proposition that the owner of foreclosed property has no legal recourse. Rather, it stands for the proposition that the district court may only adjudicate claims properly before it. As explained, BVJ's complaint before the district court did not contemplate the Foreclosure Sale. Accordingly, the district court's ruling does not address any claim for relief based on wrongful foreclosure.[3]

---

3. The record indicates that BVJ filed a complaint with the district court on December 7, 2012, alleging, among other things, wrongful foreclosure. The district court dismissed the complaint without prejudice under rule 4(b) of the Utah Rules of Civil Procedure. *BV Jordanelle v. Jordanelle Special Servs. Dist.*, Case No. 120500139, order of dismissal (Apr. 24, 2013). That matter is not before us on appeal.

¶22 Accordingly, the district court correctly determined that the Foreclosure Sale mooted BVJ's Implementation Claims.

¶23 Because we dispose of this appeal on mootness grounds, we do not reach BVJ's remaining claims. BVJ contends that the district court mislabeled Implementation Claims as Notice Claims. From the beginning, all of BVJ's claims were either Notice Claims or Implementation Claims. In the 2013 appeal, we determined that BVJ lacked standing to prosecute its Notice Claims. *BV Lending, LLC v. Jordanelle Special Serv. Dist.*, 2013 UT App 9, ¶¶ 9, 17, 294 P.3d 656. We now determine that BVJ's remaining claims—its Implementation Claims—are moot. In sum, all of BVJ's claims are non-justiciable for one reason or the other; consequently, any error in ruling a claim non-justiciable for one reason when it was in fact non-justiciable for the other is necessarily harmless. *Cf. Carlton v. Brown*, 2014 UT 6, ¶ 30, 323 P.3d 571. BVJ also contends that the district court rejected on summary judgment potentially meritorious Implementation Claims. Because we affirm the district court's ruling that these claims are moot, we do not examine their merit.

CONCLUSION

¶24 The district court correctly concluded that the Foreclosure Sale mooted BVJ's Implementation Claims. On this basis, we affirm.

———————