2013 UT App 129

# THE UTAH COURT OF APPEALS

WM. DOUGLAS HORNE FAMILY REVOCABLE TRUST,
Plaintiff, Appellant, and Cross-appellee,
*v.*
WARDLEY/MCLACHLAN DEVELOPMENT, LLC; LYNN WARDLEY;
AND SCOTT MCLACHLAN,
Defendants, Appellees, and Cross-appellants.

Memorandum Decision
No. 20120263-CA
Filed May 23, 2013

Fourth District, Provo Department
The Honorable Lynn W. Davis
No. 110400781

Stephen Quesenberry and Christopher R. Infanger,
Attorneys for Appellant and Cross-appellee
John T. Anderson, Attorney for Appellees and
Cross-appellants

JUDGE CAROLYN B. MCHUGH authored this Memorandum
Decision, in which JUDGES STEPHEN L. ROTH and
MICHELE M. CHRISTIANSEN concurred.

McHUGH, Judge:

¶1      The Wm. Douglas Horne Family Revocable Trust (the Trust) appeals from the district court's order granting summary judgment in favor of Wardley/McLachlan Development, LLC, Lynn Wardley, and Scott McLachlan (collectively, the Wardley Parties). On cross-appeal, the Wardley Parties challenge the district court's denial of their request for attorney fees. We affirm, in part, and reverse and remand, in part.

¶2 The Trust and the Wardley Parties entered into a settlement agreement (the Agreement) in March 2003, which provided that the Wardley Parties would pay the Trust a sum of $1.8 million over the course of six years. The Agreement provided that no interest would accrue on the principal during the first three years but that during the final three years, interest would accrue at the prime rate as published by the Wall Street Journal and late payments would bear interest of 18% per year. It also included a provision awarding attorney fees and costs to the prevailing party in any legal action to enforce the Agreement. The Wardley Parties were each jointly and severally liable for the amounts due under the Agreement.

¶3 In early 2010, the Wardley Parties had not fully paid their obligation under the Agreement and were interested in reducing the late payment interest rate to 9%. However, the Trust never agreed to modify the contractual interest rate of 18%. On January 20, 2010, the Wardley Parties sent the Trust a check for $473,422.96, which represented the payoff number calculated by the Wardley Parties plus interest running at 18% from the due date of the obligation. On the same day, the Wardley Parties' accounting representative emailed the Trust's accountant informing him that the check would be the final payment due under the Agreement and further instructing, "Once the check has cleared, please send the original note, marked PAID IN FULL . . . ." The Trust received and deposited the check. On February 1, 2010, the Trust's accountant emailed Scott McLachlan and explained, "As we discussed, Lynn Wardley has tendered a check for the final payment on the [balance] required under our [A]greement . . . . If Lynn's check remains good, your personal guarantee will no longer apply to the [balance]." There is no dispute that the Wardley Parties' check remained good and that the Trust received $473,422.96.

¶4 Eight months after it received the check, the Trust discovered an accounting error. The Trust had inadvertently recorded the Wardley Parties' payment twice in March 2009, resulting in the Trust understating the Wardley Parties' final payoff obligation by $100,000 plus interest. The Trust informed the Wardley Parties of

this shortfall and requested payment for the remaining balance of $132,011.57. The Wardley Parties refused, claiming that they had already paid in full and the Trust had received all amounts owed under the Agreement.

¶5     In 2011, the Trust filed this action and alleged that the Wardley Parties breached the terms of the Agreement by defaulting on their payment obligation. In response, the Wardley Parties asserted several affirmative defenses, including payment and accord and satisfaction. Thereafter, the Trust and the Wardley Parties each moved for summary judgment.

¶6     After a hearing on the motions in January 2012, the district court orally granted summary judgment in favor of the Wardley Parties. The court later issued a written ruling that incorporated by reference its reasoning as stated during the hearing. The Wardley Parties then sought attorney fees under the Agreement, but the district court denied that request. The Trust timely appealed the grant of summary judgment, and the Wardley Parties cross-appealed the denial of their motion for attorney fees.

¶7     The Trust challenges the district court's grant of summary judgment in favor of the Wardley Parties. "Summary judgment is appropriate where (1) there is no genuine issue as to any material fact and (2) the moving party is entitled to a judgment as a matter of law." *Hillcrest Inv. Co. v. Utah Dep't of Transp.*, 2012 UT App 256, ¶ 11, 287 P.3d 427 (citation and internal quotation marks omitted). "We review a district court's grant of summary judgment de novo, reciting all facts and fair inferences drawn from the record in the light most favorable to the nonmoving party." *Id.* (citation and internal quotation marks omitted). We therefore construe the facts in the light most favorable to the Trust.

¶8     The Trust contends that the district court erred in granting the Wardley Parties' motion for summary judgment because genuine issues of material fact exist concerning each requisite condition necessary for a valid accord and satisfaction to arise. In

response, the Wardley Parties urge this court to affirm summarily because the Trust did not challenge each ground on which the district court's summary judgment order is based.

¶9     "This court will not reverse a ruling of the trial court that rests on independent alternative grounds where the appellant challenges only one of those grounds." *Salt Lake Cnty. v. Butler, Crockett & Walsh Dev. Corp.*, 2013 UT App 30, ¶ 28, 297 P.3d 38; *see also Republic Outdoor Adver., LC v. Utah Dep't of Transp.*, 2011 UT App 198, ¶ 32, 258 P.3d 619 (declining to consider a challenge to an alternative basis for the court's grant of summary judgment where appellant failed to adequately challenge an independent basis for the court's ruling). Consequently, we may affirm if the Trust failed to challenge each of the grounds for the district court's grant of summary judgment.

¶10     The Trust argues that the district court based its ruling only on accord and satisfaction. However, the record reveals that the district court granted summary judgment on two alternative bases: (1) the Wardley Parties had tendered, and the Trust had accepted, final payment under the Agreement and (2) accord and satisfaction.[1] During the summary judgment hearing, the district

---

1. The Trust did not argue to the district court that a unilateral or mutual mistake as to the terms of the Agreement justified reformation or rescission of the agreement to accept the check as final payment. *See, e.g., Cantamar, LLC v. Champagne*, 2006 UT App 321, ¶ 38, 142 P.3d 140 ("A mutual mistake occurs when both parties, at the time of contracting, share a misconception about a basic assumption or vital fact upon which they based their bargain." (citation and internal quotation marks omitted)). Similarly, the Trust did not assert mistake in response to the Wardley Parties' accord and satisfaction defense. *See generally England v. Horbach*, 944 P.2d 340, 344, 346 (Utah 1997) (holding that where the parties were mutually mistaken in their belief that the debtor owed the creditor $25,000, there was not "a compromise to

(continued...)

court stated, "I don't even have to get to an accord and satisfaction, based upon [the Wardley Parties'] argument, as it relates to a tender and acceptance." Later, while articulating its ruling in favor of the Wardley Parties, the district court explained,

> Now, there's an argument that the accord and satisfaction does not apply because there was no dispute. I think[] there was a dispute as it relates to the applicable interest rate and, then, there was a concession, on the one side, as it relates to that, but, at the very least, there's a tender, there's an offer, there's an acceptance. The check was tendered. It was accompanied with significant written communications and, then, within the one document, . . . some six times there's notice of the debtor's intentions in connection with that.
>
> There's no mutual mistake and, in connection with this, I'll grant [the Wardley Parties'] motion . . . .

¶11   Subsequently, the Trust's trial counsel indicated that he "under[stood] . . . that [the Wardley Parties] have been granted their motion for summary judgment on a new contract which arose to modify the . . . [A]greement." The district court immediately clarified,

> No. I did it on both claims because there is a—they have made two arguments as it relates to that. One is accord and satisfaction but, initially, as it relates to

---

1. (...continued)
satisfy an uncertain debt" and an accord and satisfaction did not occur); *see also Neiderhauser Builders & Dev. Corp. v. Campbell*, 824 P.2d 1193, 1198 (Utah Ct. App. 1992) ("When there is a unilateral mistake, and a party accepts less than it is entitled to, the theory of accord and satisfaction will not prevent the mistaken party's recovery of the actual, correct amount.").

the offer and acceptance under a tender and that constitutes a contract. A check was tendered accompanied with written communications and constituted a contract and I've ruled I believe there is sufficient evidence to support that or, in the alternative that, in fact, there is accord and satisfaction . . . .

¶12   The district court's written ruling on the Wardley Parties' request for attorney fees provides additional support for our conclusion that final payment constituted one basis for summary judgment and accord and satisfaction served as an alternative basis. The district court's order explained that the Wardley Parties "did prevail on [their] motion [for summary judgment], which argued two theories. The first was accord and satisfaction. The second was that the communication, tender of payment, and acceptance of payment created a new contract."

¶13   Thus, the district court's summary judgment ruling was based on two alternative theories. Yet in its briefing to this court, the Trust challenges only the district court's ruling on accord and satisfaction. Accordingly, we affirm the district court's judgment on the unchallenged alternative ground of payment without reaching the merits of that decision.[2] *See generally Butler, Crockett & Walsh Dev. Corp.*, 2013 UT App 30, ¶ 28.

¶14   On cross-appeal, the Wardley Parties challenge the district court's conclusion that they are not entitled to attorney fees under the Agreement. "Whether attorney fees are recoverable is a question of law, which we review for correctness." *R.T. Nielson Co. v. Cook*, 2002 UT 11, ¶ 16, 40 P.3d 1119. "As a general rule, attorney fees are recoverable only if authorized by contract or statute." *Anderson & Karrenberg v. Warnick*, 2012 UT App 275, ¶ 9, 289 P.3d 600. "If the legal right to attorney fees is established by contract, Utah law clearly requires the court to apply the contractual

---

2. Indeed, we express no opinion about the correctness of either of the grounds for the district court's decision.

attorney fee provision and to do so strictly in accordance with the contract's terms." *Jones v. Riche*, 2009 UT App 196, ¶ 2, 216 P.3d 357 (mem.). In relevant part, the Agreement states, "Should legal action be necessary to enforce, construe, cancel, terminate, rescind or recover for the breach of the provisions of this Agreement, the prevailing party shall be entitled to recover all costs of suit, including reasonable attorney's fees incurred herein."

¶15    The Trust's complaint alleges breach of contract, and the Wardley Parties successfully defended against that claim based on the Trust's receipt of full payment and accord and satisfaction. *See* Utah R. Civ. P. 8 ("A party shall set forth affirmatively in a responsive pleading accord and satisfaction, . . . payment, . . . and any other matter constituting an avoidance or affirmative defense."). As a result, the Wardley Parties are the prevailing party in a legal action brought to enforce the Agreement.

¶16    Nevertheless, the Trust contends that the Wardley Parties are not entitled to attorney fees because the district court granted summary judgment only on the basis of a purported accord and satisfaction. Because an accord and satisfaction is a separate contract from the Agreement and did not have its own attorney fee provision, the Trust contends that the Agreement's attorney fee provision is not applicable. *See, e.g.*, *Quealy v. Anderson*, 714 P.2d 667, 669 (Utah 1986) ("[A]ttorney fees are not recoverable by either party unless there was a provision for them in the accord and satisfaction."); *Golden Key Realty, Inc. v. Mantas*, 699 P.2d 730, 734 (Utah 1985) ("Since the plaintiffs have not prevailed in enforcing the listing agreement and since there was no provision in the accord and satisfaction for attorney's fees, they are not entitled to recover them."). *But see Dishinger v. Potter*, 2001 UT App 209, ¶¶ 38–39, 47 P.3d 76 (remanding for a determination of whether either party should be awarded attorney fees as the prevailing party under a lease after concluding that there was an accord and satisfaction). In this case, however, we have concluded that the district court also granted summary judgment on the ground that the Wardley Parties had fully performed because the Trust

accepted the $473,422.96 as final payment. The district court denied fees on the basis that the acceptance of that amount as final payment also created a new contract. On appeal, the Wardley Parties argue that the district court "improperly conflated" their defenses by suggesting that both payment and accord and satisfaction created a new contract unconnected with the Agreement.

¶17     We agree that the district court's decision conflates the two theories. "Generally, formation of a contract requires an offer, an acceptance, and consideration." *Cea v. Hoffman*, 2012 UT App 101, ¶ 24, 276 P.3d 1178. In the case of an accord and satisfaction, the consideration requirement is satisfied by the settlement of a dispute between the parties. *Golden Key Realty*, 699 P.2d at 733 ("As a general rule, a creditor who agrees to accept a lesser amount than is due is not bound by his agreement, because of lack of consideration. However, where there is a bona fide dispute as to the amount due, sufficient consideration exists." (citation omitted)). Where there is no dispute as to the amount owed, the defense of accord and satisfaction is unavailable. *See England v. Horbach*, 944 P.2d 340, 344 (Utah 1997) ("[T]here could have been no accord and satisfaction . . . because the first element of accord and satisfaction—the existence of a bona fide dispute or uncertainty over an unliquidated amount—was not present.").[3] Where the parties are certain as to the amount owed, but are actually mistaken, the acceptance of the payment "represent[s] merely the conclusion of the parties' original contract . . . ." *See id.* The Wardley Parties argued both payment and accord and satisfaction, and the district court ruled in favor of the Wardley Parties on each.[4] Under the

___

3. In the absence of a dispute, there is no consideration for the Trust to enter into a new contract to accept less than was due under the Agreement.

4. Although the theories are mutually exclusive because accord and satisfaction is dependent upon a dispute over the amount owed and payment is dependent upon the absence of a dispute, *see*
(continued...)

payment theory, the parties merely concluded their original Agreement and the attorney fees provision therein remains applicable. *See id.*

¶18    The Wardley Parties prevailed in the Trust's breach of contract action and are entitled to recover their attorney fees under the plain language of the Agreement. Because the Wardley Parties "have also prevailed on appeal, they are entitled to their reasonable attorney fees incurred in this court." *See Gilbert Dev. Corp. v. Wardley Corp.*, 2010 UT App 361, ¶ 58, 246 P.3d 131. We remand to the district court for a calculation of those fees.

¶19    In sum, the district court's grant of summary judgment rested on two independent alternative grounds, and we affirm that order summarily because the Trust challenges only one of those grounds on appeal. The Wardley Parties were the prevailing party in the Trust's breach of contract action and are entitled to recover their attorney fees. Accordingly, we reverse the district court's denial of the Wardley Parties' request for attorney fees and remand for a determination of the Wardley Parties' reasonable attorney fees incurred in the district court and on appeal.

---

4. (...continued)
*generally England*, 944 P.2d at 344 , the Trust has challenged only the determination that there was an accord and satisfaction.