**2017 UT App 220**

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
GREGORIO PAREDEZ,
Appellant.

Opinion
No. 20150873-CA
Filed November 30, 2017

Second District Court, Farmington Department
The Honorable John R. Morris
No. 141701755

Scott L. Wiggins, Attorney for Appellant

Sean D. Reyes and Karen A. Klucznik, Attorneys
for Appellee

JUDGE KATE A. TOOMEY authored this Opinion, in which JUDGES
JILL M. POHLMAN and RYAN M. HARRIS concurred.

TOOMEY, Judge:

¶1　Gregorio Paredez entered a *Sery* plea[1] to one count of attempted possession of a controlled substance, a class A

---

1. Defendants may enter pleas, "with the consent of the prosecution and accepted by the trial judge," that allow them to appeal a denial of a motion to suppress and to withdraw the plea "if [their] arguments in favor of suppression are accepted" on appeal. *See State v. Sery*, 758 P.2d 935, 938–40 (Utah Ct. App. 1988), *disagreed with on other grounds by State v. Pena*, 869 P.2d 932 (Utah 1994); *see also* Utah R. Crim. P. 11(j) ("With approval of the court and the consent of the prosecution, a defendant may enter a conditional plea of guilty . . . reserving in the record the right,

(continued…)

misdemeanor, reserving the right to appeal the district court's denial of his motion to suppress evidence he claims was obtained as a result of an unlawful search. On appeal, Paredez contends the district court erred in denying his motion to suppress because (1) the officer (Officer) exceeded the scope of the traffic stop when he opened the passenger door to question Paredez without reasonable, articulable suspicion of criminal activity; and (2) it was not inevitable that the evidence Paredez sought to suppress would have been discovered in the course of investigating the traffic stop. Because Paredez does not challenge two independent, alternative grounds for the district court's ruling—that it was lawful for Officer to open the passenger door in order to impound the vehicle and it was inevitable that the contraband would have been discovered when Paredez exited the vehicle upon its impound—we affirm.

¶2     While on duty, Officer observed a vehicle with tinted taillights and an excessively loud exhaust system. Officer initiated a traffic stop based on these observed traffic violations. The driver (Driver) initially evaded Officer's signal to stop but eventually complied. Officer ordered Driver to exit the vehicle and told Paredez, the passenger, to remain in his seat. Officer also called for backup. Driver turned off the vehicle's engine, exited the vehicle, sat on the curb, and answered Officer's questions. Driver stated he initially evaded Officer because he was driving his wife's vehicle to his house from a grocery store without a valid driver license. He also said that Paredez was a "buddy" he met in jail and that they both recently had been released. Officer asked Driver whether he and Paredez had stolen anything from the grocery store and if that was the reason for his initial evasion. Driver denied this suggestion. Officer then asked Driver whether his wife or Paredez had a valid driver

---

(…continued)
on appeal from the judgment, to a review of the adverse determination of any specified pre-trial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.").

license so that he would not have to impound the vehicle, but Driver said that they did not.

¶3 After obtaining Driver's name and date of birth, which Officer relayed to the police dispatch office, Officer placed Driver in handcuffs and told him he was being detained until Officer "figured out what was going on," and that he was under arrest for not initially complying with Officer's signal to stop the car. After the dispatch office informed Officer that Driver was an "interlock restricted driver," Officer determined that he would have to impound the vehicle because it did not have an ignition interlock system[2] installed in it.

¶4 After arresting Driver and determining he would have to impound the car as required by Utah Code section 41-6a-527(1), Officer walked up to the passenger window to question Paredez about Driver's initial evasion of the stop and to investigate whether Driver told Officer the truth. Paredez could not roll down the window to answer Officer's questions because the windows were electronically powered, and Driver had turned off the engine and removed the keys from the ignition. Officer opened the passenger door and began speaking with Paredez, who said Driver did not initially stop for Officer because Driver did not have a valid driver license, not because they stole anything from the grocery store. Paredez also confirmed that he did not have a valid driver license. Officer provided Paredez's information to the dispatch office and requested a canine unit to sniff the vehicle to determine whether it contained illegal substances.

---

2. An ignition interlock system is "a constant monitoring device or any similar device certified by the commissioner [of the Department of Public Safety] that prevents a motor vehicle from being started or continuously operated without first determining the driver's breath alcohol concentration." Utah Code Ann. § 41-6a-518(1)(c) (LexisNexis Supp. 2017).

¶5 At this point, a second officer observed a pipe in a small side-pocket of Paredez's pants. Officer wore a body camera, and the video recording showed a bulge in the side pocket of Paredez's pants that was visible as soon as Officer opened the door. Officer asked Paredez to exit the vehicle and placed him in handcuffs while informing him that he was being detained for possession of paraphernalia. Paredez admitted that the pipe was in his pocket and that he had used it to smoke methamphetamine. He also informed Officer that one of his shoes contained a tinfoil packet that he picked up from the floor of Driver's car. He said he did not know what was in the packet but tried to hide it in his shoe because he did not think Officer would search him, as he was "merely the vehicle's passenger." Officer removed the tinfoil packet from Paredez's shoe and the pipe from his pocket. Based on his training and experience, Officer suspected the tinfoil packet contained heroin. Officer ran a field test on the pipe to determine what was in it, and the test results were positive for methamphetamine.

¶6 Paredez was charged with two counts of possession or use of a controlled substance, third degree felonies, and one count of possession of drug paraphernalia, a class B misdemeanor. He moved to suppress this evidence arguing that (1) Officer questioned him without reasonable, articulable suspicion of criminal behavior; and (2) Officer engaged in an unlawful search when he opened the passenger door, which enabled him to see paraphernalia that would not have been visible with the door closed. In an oral ruling, the district court denied the motion to suppress on three independent grounds.

¶7 First, the court found that under the totality of the circumstances, Officer "had [a] reasonable articulable suspicion of criminal activity" regarding Driver's initial flight, which was "sufficient for him to approach and question [Paredez]" to investigate Driver's account of the events leading to his arrest. Driver said he initially attempted to evade Officer and, when he was pulled over, admitted he was driving without a valid driver license. Driver told Officer they were driving home from a

grocery store and that both he and Paredez recently had been released from jail. Thus, the court found it was reasonable for Officer to approach Paredez to investigate whether Driver's account of the events was truthful and whether they had shoplifted from a grocery store. The court further found that it was reasonable under the circumstances to open the passenger door when speaking with Paredez rather than try to speak with him through a closed window or while standing in the street from the driver's side of the vehicle.

¶8    Second, the court found that Officer was justified in opening the passenger door "not only because he's investigating a crime, but also because [Paredez] would have been forced to exit the vehicle upon its being impounded." The court once again reiterated that Officer could not have questioned Paredez without opening the door because the vehicle's engine had been turned off, leaving the electronically powered windows inoperable. And once the passenger door was open, the pipe was in plain view, which Paredez did not dispute.

¶9    Third, the court then addressed the inevitable discovery doctrine and explained that "evidence will not be suppressed if it ultimately or inevitably would have been discovered by lawful means." The court stated that "[r]outine or standard police procedures are often a compelling and reliable foundation for inevitable discovery" of evidence and, after a driver is arrested, law enforcement officers routinely impound a vehicle and conduct an inventory search. The court found that, because Driver was "interlock restricted," Officer was required to impound the vehicle, and Paredez "would have been required to exit [the vehicle] at some point." The court further found that, had Paredez stood up, Officer "would have inevitably observed" a bulge in Paredez's pants pocket, justifying a pat-down search "for safety purposes." Therefore, the court determined that, even if Officer was not justified in opening the passenger door to question Paredez, the paraphernalia and other contraband inevitably would have been lawfully discovered when Paredez emerged from the vehicle prior to its impoundment.

¶10 Following the denial of his motion to suppress, the State amended the charges against Paredez, and he entered a *Sery* plea. Paredez pled guilty to attempted possession or use of a controlled substance, a class A misdemeanor, and reserved his right to appeal the ruling on the motion to suppress. Paredez now appeals.

¶11 We review a denial of a motion to suppress as a mixed question of law and fact and will disturb the district court's factual findings "only when they are clearly erroneous," but we afford "no deference to the district court's application of law to the underlying factual findings." *State v. Martinez*, 2017 UT 43, ¶¶ 8–9.

¶12 Paredez contends the district court erred in determining (1) that Officer's opening of the passenger door to question him "did not constitute an unlawful search beyond the scope of the initial traffic stop" and (2) that the evidence of "paraphernalia would have inevitably been discovered" in connection with questioning him about the initial traffic stop. Significantly, however, Paredez does not address the district court's alternative determinations that Officer was otherwise justified in opening the passenger door to speak with Paredez about impounding the vehicle or that Officer would have inevitably discovered the contraband when Paredez exited the vehicle so that it could be impounded. Although Paredez does make an inevitable discovery argument, that argument does not account for, and does not address, the district court's alternative conclusion that the vehicle's impoundment would have inevitably led to the relevant discovery. The district court concluded that because Officer was statutorily required to impound the vehicle, Officer was justified in opening the door to speak with Paredez about the impound, at which point the pipe would have been in plain view. Paredez also "would have been forced to exit the vehicle upon its being impounded, regardless." Paredez does not address these independent grounds in his briefing and does not argue that the district court's findings or conclusions regarding these independent grounds are erroneous.

¶13   We will not reverse a district court's denial of a motion when the appellant fails to challenge the district court's independent alternative grounds for denying that motion. *See State v. Roberts*, 2015 UT 24, ¶ 38, 345 P.3d 1226 (citing *Salt Lake County v. Butler, Crockett & Walsh Dev. Corp.*, 2013 UT App 30, ¶ 28, 297 P.3d 38 ("This court will not reverse a ruling of the [district] court that rests on independent alternative grounds where the appellant challenges only one of those grounds.")). "Consequently, we may affirm if [Paredez] failed to challenge each of the grounds for the district court's" denial of his motion to suppress. *See generally Wm. Douglas Horne Family Revocable Trust v. Wardley/McLachlan Dev., LLC*, 2013 UT App 129, ¶ 9, 304 P.3d 99 (holding that this court "may affirm if the [appellant] failed to challenge each of the grounds for the district court's grant of summary judgment").

¶14   Paredez has failed to challenge whether Officer was statutorily required to impound the vehicle and whether Officer was justified in opening the passenger door to discuss the impoundment with Paredez or what effect the impoundment had on the inevitable discovery analysis. Accordingly, we affirm the district court's judgment on these unchallenged alternative grounds without reaching the merits of the court's decision.

—————